MARCELLE COURTERNIER, Plaintiff in Error, vs. CHARLES SECOMBE, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The judgment of a Justice of the Peace upon the trial of issues before him, will not be set aside, if there is any evidence to sustain it, although the evidence may not be such as to carry conviction to every mind.

Points and Authorities of Plaintiff in Error.

I. There was some evidence given to the justice as to neg-

ligence by Defendant in Error in leaving the horse standing unhitched, and some evidence that the Defendant in Error either owned or controlled the horse, and the Court should not reverse the finding of the justice. 1 *Hill*, 61 ; 20 *Wen.*, 145, 148; 6 *Wen.*, 564; 19 *Wen.*, 342; 18 *Wen.*, 141, 450; 1 *John. R.*, 505; *R. S..* 515, *sec.* 90; 516, *sec.* 120; 1 *Pick.*, 345.

II.   The Defendant in Error was present at the trial in the Court below, and made no motion for judgment for want of proof, and if he had offered himself as a witness, if he had not been guilty of negligence, or if he did not own the horse, or if he had not the horse under his control, he could have shown it, and not having done so, the Court will not now aid him.   1 *Cow.*, 90, 3 *Starkie Ev.*, 899, 725, 936-7; 12 *John. R.* 403; 2 *Serg. & Rawle*, 512; 2 *N. Hamp. R.*, 319, 512.

III.   The Defendant in Error was guilty of negligence in leaving his horse standing unhitched, and is liable, although the running away was accidental.   1 *Bing.*, 213; 5 *Term R.*, 648; 10 *Bing.*, 112; 1 *Camp.*, 497; 3 *East*, 593; *R. S.*, 347, *sec.* 1, 2.

Points and Authorities of Defendant in Error.

I.   There was no evidence before the justice showing, or tending to show any negligence or carelessness on the part of the custodian of the horse which ran away and did the damage complained of, such as to render him liable to an action. 13 *Johns.*, 339.

II.   There was no evidence showing, or tending to show, that the Defendant was the custodian of the horse, or in any way responsible for his acts.

NEWELL, Counsel for Plaintiff in Error.

D. A. SECOMBE, Counsel for Defendant in Error.

*By the Court*—EMMETT, C.J.—This action was originally commenced before a Justice of the Peace to recover damages for an injury to the Plaintiff's wagon, caused by the running away of the Defendant's horse, through the alleged careless-

ness and negligence of the Defendant. The complaint states the facts in detail, and in the usual form substantially. The answer in general terms denies each and every allegation of the complaint.

On the trial before the justice, the Plaintiff was sworn as a witness, and testified to the running away of a horse, with a wagon or buggy attached—to the collision with his own team, which he was at the time holding; and also to the injury and damages resulting to him therefrom. He further testified that he had just previously observed the runaway horse standing a few rods above him in the street, and that he did not know who owned it, but that the Defendant came up immediately after the collision and claimed the horse, and took it away. He also introduced another witness, who swore that he witnessed the collision—that he had observed the horse standing in the street unhitched previous to the accident, and that there was no one standing at the horse's head at the time of his starting to run away.

This was all the evidence introduced by either party; and upon this the Justice gave judgment for the Plaintiff for the amount of damages which the Plaintiff swore that he had sustained, to wit, fifteen dollars.

The Defendant then took the case to the District Court on *certiorari*, where the judgment of the justice was reversed, on the ground that there was no evidence to show, either that the Defendant owned the horse which caused the injury, or that he had him in charge or under his control at the time of his so running away. And, thereupon, the Plaintiff brings his writ of Error to this Court.

We are unable to agree with the District Court in the opinion that there was no evidence on these points to sustain the finding of the justice. That the horse was left standing unfastened in a public street of the city of St. Paul, and with no one standing at his head at the time he started to run away, is certainly evidence of negligence on the part of the person having him in charge. It is true, as the Defendant urges, that the witness leaves it a little uncertain, as the evidence comes to us, how long previous to the starting of the horse it was that he saw him standing unfastened. Yet taking all his

testimony together, we think the conclusion is irresistible that he was describing the condition of affairs at the time the horse started to run. He states particularly that at the time the horse started no one was at his head.

And then in regard to the person under whose control the horse was at the time of the injury complained of, we think that the. facts sworn to by the Plaintiff, to wit, that the Defendant came up immediately after the accident, and *claimed* and took away the runaway horse, are evidence from which the justice might reasonably find that the Defendant was the party who had charge of the horse, and who was responsible for the injury. Such testimony was either wholly improper under the pleadings, or else receivable because the facts therein stated tended to prove the issue, as to who was the horse's custodian at the time of the injury. And if these facts tended to prove the issues on the part of the Plaintiff, we can hardly say that there was an entire want of evidence to sustain the judgment in his favor. They show the Defendant conveniently near, and immediately claiming and taking away the offending animal. He does not appear, then, or at any other time to have declared or claimed that any one else was accountable for the accident, or had charge of or owned the horse, but preserves a suspicious silence on the subject, and makes no attempt to rebut or explain the evidence offered by the Plaintiff, or explain his own conduct in the least. Taking all these facts and circumstances into the account, they lead naturally to the conclusion that the Defendant was the person having the horse in charge at the time, and, to our minds, furnish evidence, sufficient at least to sustain a verdict or finding thereon in the Plaintiff's favor.

Judgment reversed.