---

## *Ex parte,* JOHN POLSTER.

PARTY; PRACTICE; *Ex parte Proceedings.* When the decision of a case determines which one of two certain persons is entitled to certain money, and one of said persons is not made a party to the case, the court cannot adjudicate upon his rights. And where such a case is brought to the supreme court the same rule obtains, and the petition in error will be dismissed.

### *Error from Cherokee District Court.*

THE order appealed from was made by the district court of Cherokee county at the July Term 1871, in the case of "The State of Kansas v. Charles Bearow." The record contains a transcript of the proceedings in that case, and shows that Bearow was charged by information with grand larceny. After the trial, and the verdict of not guilty, the record is as follows: "It is thereupon considered and ordered that said defendant be discharged, and go hence without day. And upon motion of defendant's counsel for an order directed to John Polster, the prosecuting witness in this cause, to pay over to the defendant Charles Bearow the sum of $114.55, (the sum taken from said defendant on his arrest and examination, and paid to Polster by order of the commit-

ting magistrate,) the court, being fully advised in the premises doth find that said Polster holds said money by virtue of an order of I. W. Davis, J. P., before whom the said Bearow was examined on the charge of grand larceny; and thereupon the court doth order and direct that the said John Polster pay said money into the hands of the clerk of this court for the use and benefit of said defendant." *Polster* excepted, and filed in this court a petition setting up the facts, and asking that said order of the district court be reversed. The petition is entitled "*Ex parte, John Polster*." No one was named or summoned as defendant in error.

*W. M. Matheny,* for plaintiff in error:

Polster was and is entitled to said sum of $114.55 by virtue of §§ 303, 304 of the criminal code, as the agent of the owner who was absent. The justice of the peace before whom the examination of said Bearow was held has the exclusive right to determine the question of ownership of the stolen property, and such order was made. The district court has no right to make any order in regard to stolen property except by virtue of § 306 of the criminal code, and then only in case of a "conviction." Here Bearow was acquitted. The order of the district court is erroneous and should be reversed.

The opinion of the court was delivered by

KINGMAN, C. J.: This is a proceeding to procure the reversal of an order of the district court of Cherokee county, by which John Polster was ordered to pay over to one Charles Bearow the sum of $114.55. The following facts appear: Bearow had been arrested for larceny of money from Polster, was examined and held for trial in the district court. The justice before whom the examination was had ordered the money taken from Bearow to be paid over to Polster as his property. On the trial in the district court Bearow was found not guilty, whereupon the court made the order complained of. This is essentially a controversy between Bearow and Polster. The right to the money can only be determined

when both parties are before the court, and this is true in this court as well as other courts. Bearow is not made a party to the proceeding in this court, and therefore we cannot adjudicate upon his rights. The proposition is fundamental. The petition in error must be dismissed.

All the Justices concurring.