*In the matter of the Appeal of* E. D. BROWNE *from the Survey of Walter Hale, County Surveyor.*

WANT OF PARTIES; *Case Dismissed.* Walter Hale, county surveyor of Wyandotte county, gave notice to several parties that on November 25, 1880, he would make a survey of a certain tract of land belonging to Annie Mason and sold to her by E. D. Browne. The survey was made, and E. D. Browne, feeling agrieved thereby, appealed to the district court. In the district court judgment was rendered against Browne, and the survey was sustained. Browne then brought the case to the supreme court on petition in error, making Walter Hale the only party in the case besides himself, and gave no notice to Annie Mason or to any of the persons to whom notice had been given of the survey by Walter Hale. There is nothing in the case to show that Walter Hale has any interest in the controversy except merely as the county surveyor who made this survey. *Held,* That the case must be dismissed from the supreme court, for want of necessary parties.

*Error from Wyandotte District Court.*

THE nature of this action, and the facts, sufficiently appear in the opinion.

*Nelson Cobb,* and *Hale & Miller,* for plaintiff in error.

*James M. Mason,* and *John Clark,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: Section 156, chapter 25 of the act relating to counties and county officers, reads as follows:

"SEC. 156. It shall be the duty of any party or parties having a survey to make in which another party or parties are interested, to notify the county surveyor, who shall, on receipt of such notice, forthwith notify, by mail or otherwise, such interested party or parties, or their agent or agents, when he shall make such survey, which shall be at least ten days from the date thereof if the party or parties, or their agent or agents, are residents, and thirty days if non-residents, in the county in which the survey is to be made; and if it shall appear that said party or parties, or their agent or agents, have received such notice, they shall pay their proportionate part of the expenses of such survey to the party or parties authorizing it." (Comp. Laws of 1879, p. 301.)

(See also § 157 of the same chapter; also §§ 1 and 2 of ch. 177 of the Laws of 1879; Comp. Laws of 1879, ¶¶ 1594, 1595, pp. 303, 304.)

Under these statutes, Walter Hale, county surveyor of Wyandotte county, Kansas, on October 14, 1880, prepared a notice, addressed to "Erastus D. Browne, —— Browne, John Tauvout, Charles Morasch, Sarah Morasch and —— Klemm," notifying them that on November 25, 1880, at ten o'clock in the forenoon, he would survey and establish the eastern and northern lines of the four-acre tract of land belonging to Annie Mason, sold to her by E. D. Browne. This notice was served by Walter Hale on "—— Klemm, Mrs. Sarah Morasch and E. D. Browne," on October 14, 1880. This proceeding was probably instituted by Annie Mason, but the record does not clearly show by whom it was instituted. The survey was made in accordance with this notice, and on December 1, 1880, E. D. Browne took an appeal to the district court. This appeal was taken under the provisions of § 3, ch. 177 of the Laws of 1879, (Comp. Laws of 1879, ¶ 1596, p. 304.) On April 5, 1881, the case was referred by the district court, by the consent of parties, to three referees, who were to determine the matter and make report on or before the first day of the July term following. On July 6, 1881, the referees reported. On July 20, 1881, the matter was referred back to the referees. On December 5, 1881, the referees again reported, sustaining the survey previously made by the county surveyor. On December 12, 1881, E. D. Browne filed a motion to set aside the report of the referees, which motion was, on December 30, 1881, overruled by the court, and the court on the same day confirmed the report of the referees.

For the purposes of this case, we shall assume that the appeal taken by E. D. Browne from the survey of Walter Hale, county surveyor, to the district court, was regular and valid. For the purposes of the case we shall also assume that Annie Mason was the party who instituted the proceedings, and was therefore substantially the plaintiff in the case; and as the record shows that "—— Klemm, Mrs. Sarah

Morasch and E. D. Browne" were notified with respect to the survey, we shall consider them as parties to the proceeding, and as substantially the defendants. We shall not only consider all these persons as parties to the survey, but we shall also consider them as parties to the action in the district court; and if the statutes are valid, and the appeal of E. D. Browne valid, we would think that this would be the case. E. D. Browne felt aggrieved at the decision of the district court in overruling his motion to set aside the report of the referees, and in sustaining such report. He now brings the case to this court for review. But in this court he has made no person a party except himself and Walter Hale, the county surveyor of Wyandotte county. No summons has been issued against or served upon any other person, and no person has made any appearance in this court except E. D. Browne and Walter Hale. Now there is nothing in the entire record to show that Walter Hale has any interest in this action, or in any of the property affected by the survey, and presumably the only persons and all the persons who have any interest in this action, or in any of the property affected by the survey, are Annie Mason, E. D. Browne, Mrs. Sarah Morasch, and —— Klemm. Hence none of the parties having any interest in case, except E. D. Browne, is made a party in this court; and one person, the county surveyor, who has no interest in the case, has been made a party. Now the statute nowhere recognizes the county surveyor as a party in any action of this kind; but the statute does seem to recognize the persons interested in the survey, or interested in the property affected by the survey, as parties both to the survey and to the suit that may follow. See the sections of the statutes already quoted and cited, and also § 4, ch. 177, of the Laws of 1879, (Comp. Laws 1879, ¶ 1597, pp. 304, 305.) This section provides, among other things, that "the expenses and costs of the survey and suit shall be apportioned among all the *parties* according to respective interests, except in cases of appeal, in which, if the report of the surveyor shall be affirmed by the court, in

which case the party appealing shall pay all the costs of the appeal."

We think E. D. Browne, when he brought the case to this court, should have made all persons parties who were parties to the original survey, or who were parties in the district court, but he has not done so, and has simply made the county surveyor the only party besides himself.

The case must therefore be dismissed from this court, for want of proper parties. (*Ex parte Polster,* 10 Kas. 204; *Ferguson v. Smith,* 10 id. 394; *Armstrong v. Durland,* 11 id. 15; *Hodgson v. Billson,* 11 id. 357; *Bassett v. Woodward,* 13 id. 341; *Richardson v. McKim,* 20 id. 246.)

Action dismissed.

All the Justices concurring.