### J. M. W. JONES STATIONERY AND PAPER CO., *et al.*, V. WESTERN NEWS CO., *et al.*

THE facts of this case appear in 26 Kas. 299, *et seq.;* 29 id., 75, *et seq.;* and in the opinion, *infra.* February 12, 1883, in the district court of Shawnee county, it was ordered and adjudged that the *Western News Co.* and *James Douglas* have the sum of $160, then in the hands of the clerk of said court, which judgment the plaintiff company and *Reynolds & Reynolds* have brought here for review.

*L. J. Webb*, and *D. E. Sowers*, for plaintiffs in error.

*Frank Patrick*, for Western News Co.

*G. N. Elliott*, and *J. G. Wood*, for Douglas.

*Per Curiam:* This was an action where the parties agreed upon a case containing the facts upon which the controversy

depended, and presented a submission of the same to the court under the provisions of § 525 of the code. The case has been twice considered by this court. (26 Kas. 299; 29 id. 75.) After the rendition of the decision of this court at the July term for 1882, the mandate was transmitted to the district court to carry the judgment of this court into execution according to the command thereof. The court below complied therewith, and entered judgment accordingly. This order of that court is now complained of as erroneous.

It is asserted that the defendants in error acquiesced in the former judgment of the trial court from which proceedings in error were prosecuted to this court, and that therefore they are not entitled to have their judgments paid until after those of the plaintiffs in error are satisfied. As the trial court merely obeyed the order of this court in entering its judgment, its ruling and order cannot be reversed. (*Duffitt & Ramsey v. Crozier*, ante, p. 150.)

If it is desired to change or set aside the judgment of this court which the mandate was intended to enforce, a rehearing must be applied for. As all of the parties in the original controversy signed the agreed statement of facts of January 17, 1881, and also the subsequent agreed statement of facts, and were all affected by the judgment of the trial court, this court passed upon the cause as an equitable proceeding, and examined and disposed of the rights of all the parties, so far as legal principles would permit, in a purely equitable manner, and as if the parties to the original controversy were before this court.

The judgment of the district court will be affirmed.