THOMAS L. WILSON v. THE PRICE-RAID AUDITING
COMMISSION FOR THE STATE OF KANSAS.

PRICE-RAID CLAIM—*Case Dismissed.* Where a record brought to the su-
preme court is so fatally defective that the decision of the lower tribunal
cannot be reversed, and there are many reasons why the case should be
dismissed, *held,* that the case will be dismissed from the supreme court.

*Error from Price-Raid Auditing Commission.*

JANUARY 6, 1883, the *Price-Raid Auditing Commission,*
in the matter of the claim of *Thomas L. Wilson* for damages
to the amount of $10,540, allowed the claimant $1,350, and
rejected the remainder thereof. The claimant comes to this
court.

*Jetmore & Son,* for plaintiff in error.

*W. A. Johnston,* attorney general, and *Edwin A. Austin,*
for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This proceeding in this court is founded
upon a petition in error, entitled as follows: "Thomas L.
Wilson, plaintiff in error, *v.* The Price-Raid Auditing Com-
mission for the State of Kansas, defendant in error." The
object of the petition in error is to reverse a decision made
by the defendant in error, on January 6, 1883, refusing to
reëxamine a certain Price-raid claim belonging to the plain-
tiff in error, and in refusing to allow a greater amount on
said claim than had been previously allowed. The claim
had been twice before examined—once in 1865, and once in
1867, and a portion of the same had been previously al-
lowed. It seems from this petition in error that the defend-
ant in error is considered not only as a tribunal from which
a petition in error will lie, but also as a party to the proceed-
ing; and yet a portion of the language of the brief of counsel
for plaintiff in error indicates that they do not consider the

defendant in error as a *court*. Such language reads as follows:

"We submit that the action of the commission is that of an agent for the state of Kansas, and the citizens who have suffered damage in consequence of the Price raid, to audit the claims of such citizens, and is purely ministerial, and their decision can in no sense be said to partake of a judicial character. . . . The commissions are merely examining boards. Their examinations are summary, and limited as to time, and their duty seems to be to report claims audited and allowed, not those rejected. Their deliberations partake not in any sense of a judicial determination, but rather the taking of information to be reported to the governor of the state. No provision for the appearance of counsel; but the scope of all the law upon the subject regards the commission purely and simply examining boards — not courts. . . . The commission acts in a ministerial capacity, as a financial agent of the state, and must obey the law as enacted. It has no judicial discretion."

But if the defendant in error, "the Price-raid auditing commission," is not a court, then how can an appeal be taken from its decision to the supreme court? (*Auditor v. A. T. & S. F. Rld. Co.*, 6 Kas. 500.) Under the constitution of the state of Kansas, all the judicial power of the state is vested in *courts*. (Const., art. 3, § 1.) Therefore, any seemingly judicial power which is not vested in some *court*, is not judicial power within the meaning of the constitution. Now the supreme court can exercise only judicial power, and such power as is incident thereto. (Const., art. 3, §§ 1, 3, 4, 13.) It can exercise original jurisdiction only in proceedings in *quo warranto*, *mandamus*, and *habeas corpus;* and can exercise appellate jurisdiction only in the exercise of judicial power, which must necessarily under the constitution have come to it from some other *court*. If the supreme court should attempt to exercise power which is not judicial in its character, or should attempt to exercise jurisdiction in cases other than *quo warranto*, *mandamus*, or *habeas corpus*, before such jurisdiction had been exercised by some other *court*, it would transcend the constitution. It would not be sufficient in

order to give the supreme court jurisdiction that such power had previously been exercised by some person, officer, board, or commission, *not a court.* In order to give the supreme court jurisdiction, except in *quo warranto, mandamus* and *habeas corpus,* the power must first have been exercised by some other court. The jurisdiction of the supreme court is much more limited by the constitution than that of the district court; for under the constitution, the legislature can confer upon the district court all the original and all the appellate jurisdiction which it may choose. (Const., art. 3, § 6.) It may confer upon the district court jurisdiction in any matters of a judicial character, without reference to where such matters may originate; for if the district court does not take jurisdiction of such matters under or by virtue of its appellate jurisdiction, it may take jurisdiction of the same under or by virtue of its original jurisdiction. Any matter judicial in its character can be taken from even a road overseer to the district court, provided the statutes authorize the same; for when the matter gets into the district court the district court can exercise jurisdiction over it as a court of original jurisdiction. But, as before stated, the supreme court has no such extended powers.

Under the constitution and the statutes, is the Price-raid auditing commission a *court?* This commission, by whatever name it may be called, is composed of the following state officers, to wit: the governor, the secretary of state, the auditor, the treasurer, and the attorney general; and the name of the board under the statutes, is the "Price-Raid Auditing Commission." (Laws of 1879, ch. 128, § 1; Comp. Laws of 1879, ch. 79a, § 1.) It is always mentioned in the statutes as a *commission,* and never as a *court.* Under the statutes, the claim of a party is presented to the commission under such regulations as the commission may prescribe; and the commission may also prescribe the kind of proof required, and the form for vouchers presented. (Sec. 3 of said ch. 128, and as amended in 1881, Laws of 1881, ch. 125, § 2; and as amended in 1883, Laws of 1883, ch. 121, § 1.) The com-

mission after hearing the claim may allow the same, or allow a portion thereof, or reject it. The commission is required to make out a statement of the amounts allowed on all claims, which statement is filed with the auditor of state. (See § 6 of said ch. 128, as it originally stood, and as amended in 1881.) All the records, books, papers, etc., of the commission are filed in the office of the secretary of state, and a copy of such portion of the same as may be thought proper is placed in the hands of the governor to be transmitted by him to the legislature at its next session. (Sec. 8 of said ch. 128.) The claimant, we suppose, may be considered as the plaintiff, and his presentation of his claim as his pleading; but there is nothing said in the statutes with regard to any other party or parties, or any other pleading or pleadings; nothing said with regard to any defendant, or any answer, or reply, or demurrer; nothing said with reference to process, original, mesne, or final; no summons, subpenas, executions, or attachments; nothing said with reference to motions; nothing said with reference to the appearance of counsel; nothing said with reference to trial or judgment, except as above mentioned; nothing said with reference to exceptions, or bills of exceptions, or with reference to cases to be made for the supreme court; nothing said with reference to motions for new trials or motions in arrest of judgment, or, indeed, any other motions.

The statutes of 1881, however, provide "that, from the decision of the commission rejecting such claim or any part thereof, the plaintiff may, if he feel himself aggrieved thereby, have an appeal therefrom to the supreme court, where the same shall be tried and disposed of as other civil actions." (Section 6 of said ch. 128, as amended by § 4 of ch. 125 of the Laws of 1881.) This provision of the statute does not, however, state how the appeal shall be taken from the commission to the supreme court; whether it shall be taken on petition in error, or in some other manner. The plaintiff in error, however, in this case, has brought his case to the supreme court on petition in error. But in whatever manner the case

should be taken from the commission to the supreme court, it must be "tried and disposed of as other civil actions;" that is, if it is taken to the supreme court on petition in error, it must be "tried and disposed of as other civil actions" are, on petition in error in the supreme court.

We shall now proceed to examine the petition in error and the record of the case as brought to this court. As before stated, "the Price-raid auditing commission" is made the defendant in error, and it and the plaintiff in error are the only parties in this court. Now what interest has the Price-raid auditing commission in this case? (See *Browne's Appeal*, 30 Kas. 331, and cases there cited.) There is in fact no real party in interest in this court except the plaintiff in error. Besides, the record brought to this court is defective in many particulars. It is not a case-made for the supreme court; but is a transcript of the proceedings of the commission, certified to by the secretary of state. None of the evidence is preserved by a bill of exceptions. (*Dunlap v. McFarland*, 25 Kas. 489.) Indeed there is no bill of exceptions in the case; and there is no affirmative showing that all the evidence that the commission heard or examined has been brought to this court. (*Fillmore v. Campbell*, 25 Kas. 107; *Comm'rs of Brown Co. v. Roberts*, 22 id. 762; *Moody v. Arthur*, 16 id. 419.) Besides, as the commission has the power, under the statute, to "prescribe the kind of proof required," is not its decision upon the introduction, or the exclusion, or the sufficiency of evidence, conclusive? But suppose that its decision is not conclusive upon this subject; still the evidence, as it is disclosed by the record brought to this court, and the very evidence upon which the plaintiff relies, would surely be incompetent on the trial of an action in any court of justice; and possibly the commission for this reason did not give it any weight. It certainly does not appear that the plaintiff proved his case (above the amount which the commission allowed) by any sufficient legal evidence. And further, there is no motion for a new trial in the record; and indeed there is nothing in the record showing that any such motion was

ever made. (*Decker v. House,* 30 Kas. 614, and cases there cited.)

We certainly have no authority to reverse the decision of the commission in this case. There are many reasons that would authorize a dismissal of the case from this court. There are other reasons that would authorize an affirmance of the decision of the commission. But, considering the entire case, the record thereof, the law with respect thereto, and the interests of the parties, we think the case should be dismissed. The record in this case is so fatally defective that if the case " be tried and disposed of as other civil actions" are, (and this the statute requires,) the decision of the auditing committee cannot be reversed; and we suppose that the plaintiff in error would prefer a dismissal of the petition in error to an affirmance of the decision of the auditing commission.

——The legal questions involved in the case of Climenson *v.* The Price-Raid Auditing Commission are substantially the same as those involved in this case, and the same order will be made in both cases.

The case will be dismissed.

All the Justices concurring.