J. M. W. JONES STATIONERY AND PAPER COMPANY, *et al.*, v. F. G. HENTIG.

31 317
49 321
49 332

31 317
53 678

REHEARING, *Motion for, When Not Entertained.* Where a motion for a rehearing is filed in the supreme court during the second term after the term at which the decision was made, and nearly one year thereafter, and it appears that no injustice was done by the decision, *held,* that the motion for the rehearing will not be entertained by the supreme court.

### *Motion for Rehearing.*

SEPTEMBER 4, 1883, the *J. M. W. Jones Stationery and Paper Co.* and *Reynolds & Reynolds* filed a motion for a rehearing in *Stationery and Paper Co. v. Hentig,* (reported in 29 Kas. 75, *et seq.*) The facts are stated in the opinion herein, filed at the January, 1884, session of the court.

*W. C. Webb, D. E. Sowers,* and *L. J. Webb,* for plaintiffs in error.

*Frank Patrick,* for defendant in error The Western News Co.; *J. G. Wood,* for defendant in error James Douglas.

The opinion of the court was delivered by

VALENTINE, J.: On January 17, 1881, Constable Kuykendall held a fund of about $225 in his hands, which was the proceeds of a sale of goods belonging to Geo. O. Wilmarth, the judgment debtor in eight different cases in which the parties hereafter named were the judgment creditors. These judgment creditors held execution liens upon this fund in the following order, to wit: (1) The Western News Co.; (2) James Douglas; (3) J. M. W. Jones Stationery and Paper Co.; (4) Reynolds & Reynolds; (5) Kate Douglas; (6) M. H. Case; (7) The Williamson-Stewart Paper Co.; (8) T. J. Kellam & Co. A dispute arose between the judgment creditors as to the priority of their liens, and to save costs and expenses they amicably submitted their controversy, under § 525 of the civil code, to the district court, the first five of which were to be treated as plaintiffs, and the last

three of which were to be treated as defendants. They were so classified for the reason that the liens of the first five existed by virtue of executions held by Constable Miller, while the liens of the last three existed by virtue of executions held by Constable Kuykendall. It will be seen that this controversy was in the nature of a bill of interpleader. The district court decided in favor of the defendants in that court and against the plaintiffs, and the plaintiffs duly excepted. The district court fixed the priority of liens as follows: (1) M. H. Case; (2) The Williamson-Stewart Paper Co.; (3) T. J. Kellam & Co.; (4) The Western News Co.; (5) James Douglas; (6) Kate Douglas; (7) J. M. W. Jones Stationery and Paper Co.; (8) Reynolds & Reynolds. Two of the plaintiffs, The J. M. W. Jones Stationery and Paper Co. and Reynolds & Reynolds, then brought the case to the supreme court, making the defendants in that case, M. H. Case, the Williamson-Stewart Paper Co., and T. J. Kellam & Co., defendants in error. The other plaintiffs in that case, to wit, The Western News Co., James Douglas, and Kate Douglas, were not made parties in this court. The case, however, was tried in this court, and determined just as though all the parties were present in court litigating the questions involved in the case, and the decision of this court was made accordingly, reversing the judgment of the court, and remanding the case for further proceedings in accordance with the views expressed in the written opinion of the court. (*Stationery and Paper Co. v. Case*, 26 Kas. 299.) All that was intended by this decision, however, was simply to say that the liens procured by virtue of the Miller executions were prior to the liens procured by virtue of the Kuykendall executions, leaving the decision of the district court upon all the other questions to remain in full force and undisturbed. There was no intention to disturb the decision of the district court with respect to the priority of the liens of the several parties in any other particular.

When the case was taken back to the district court, another claimant presented himself and demanded the fund; and he

also was allowed to interplead for the fund. This other claimant was F. G. Hentig, the assignee of Geo. O. Wilmarth, the judgment debtor. Afterward a trial was had in the case in the district court, though it does not appear that any of the claimants were present except the J. M. W. Jones Stationery and Paper Co. and Reynolds & Reynolds and F. G. Hentig. Why the case was thus tried in the absence of nearly all the claimants, nearly all the real parties in interest, is not disclosed. The court decided this contest in favor of Hentig, and awarded to him the entire fund in controversy. The said J. M. W. Jones Stationery and Paper Co. and Reynolds & Reynolds again brought the case to the supreme court, making F. G. Hentig the defendant in error. None of the other parties or claimants were made parties in the supreme court, but the case was submitted to the supreme court and argued in the briefs of counsel just as though all the parties interested in the fund were present in the court and parties to the petition in error, either as plaintiffs or defendants; and the court decided the case as though such were the case, and ordered that the fund be paid out to the parties respectively in the same manner that the district court should have ordered the same to be paid out on the first trial of the case in that court. (*Stationery and Paper Co. v. Hentig*, 29 Kas. 75, 80.) A mandate was issued to the district court, and the district court rendered judgment in accordance with the mandate; and the J. M. W. Jones Stationery and Paper Co. and Reynolds & Reynolds, being dissatisfied therewith, again brought the case to the supreme court, but the judgment of the district court was affirmed. (*Stationery and Paper Co. v. Western News Co.*, 30 Kas. 334.) Afterward, and on July 6, 1883, the J. M. W. Jones Stationery and Paper Co. and Reynolds & Reynolds filed a motion for a rehearing in this court in this last-mentioned case, which motion for a rehearing is still pending in this court. Afterward, and on September 4, 1883, the J. M. W. Jones Stationery and Paper Co. and Reynolds & Reynolds filed a motion for a rehearing in the Hentig case, (the case reported in 29 Kas. 75,) which

motion is also pending in this court, and is the one which we are now considering and the one for which this opinion is prepared. The Hentig case was decided December 7, 1882, and at the July term of this court in 1882; and the motion for the rehearing in that case was filed September 4, 1883, and at the July term of the court in 1883. The motion for the rehearing was not filed at the same term at which the decision was rendered, nor at the next term thereafter; but it was in fact filed at the second term thereafter, and nearly a year thereafter, and after one whole term of the supreme court and parts of two other terms had intervened.

The questions now arise: Should this motion for a rehearing be entertained, and should it be sustained? There is really no merit in the motion. The judgment as it is now rendered by the district court is precisely the judgment that should have been rendered upon the original trial in the district court; and with respect to the matters now complained of it is precisely the judgment that was in fact rendered in the district court upon the original trial. All that the present plaintiffs in error, the J. M. W. Jones Stationery and Paper Co. and Reynolds & Reynolds, complain of is, that by the present judgment of the district court the liens of the Western News Co. and of James Douglas are given priority over the liens of the present plaintiffs in error. Now the district court on the original trial also gave just such priority of liens; and to that extent there has never been any intention on the part of the supreme court to overrule or reverse the judgment of the district court, and the district court itself has never changed or overruled any of its rulings upon this subject. The supreme court could not well have reversed the judgment of the district court giving priority to the liens of the Western News Company and James Douglas over those of the present plaintiffs in error; for the Western News Company and James Douglas have never been parties in this court. Certainly, this court could not disturb their rights without jurisdiction over them, or without having them before it.

The only right which the present plaintiffs in error have ever had was to obtain a judgment declaring their liens prior to the liens of all others except those of the Western News Company and James Douglas, and the present judgment of the district court is precisely to that effect. When the district court decided that the liens of M. H. Case, the Williamson-Stewart Paper Company and T. J. Kellam & Co. were prior to those of the present plaintiffs in error, the present plaintiffs in error had a right to have such decision reversed; but they had no right to have the decision of the district court, declaring that the liens of the Western News Co. and James Douglas were prior to those of the present plaintiffs in error, reversed. And they have never taken any proper steps to have this last-mentioned decision reversed, and it has not been reversed. Now as the liens of the Western News Co. and James Douglas are in fact prior to the liens of the present plaintiffs in error, and as the district court in its original judgment so declared, at what time did the plaintiffs in error, or anyone else, overturn and destroy this priority of liens and make the liens of plaintiffs in error prior to those of the Western News Co. and James Douglas? Did they consummate this change in the priority of liens by their proceeding in the supreme court, in which they did not make the Western News Co. and James Douglas parties, and in which the Western News Co. and James Douglas were not parties? Do they suppose that they can destroy rights by obtaining judgments in cases in which the persons entitled to such rights are not parties? There has certainly never been any intention on the part of the supreme court that such should be the case. And the district court has never attempted to render any judgment giving the liens of the present plaintiffs in error any priority over the liens of the Western News Co. and James Douglas. The judgment of the district court has always been the other way. And all that the supreme court has ever intended to decide with reference to these liens different from the decisions of the district court has been that the Miller executions

had priority over the Kuykendall executions, and that Hentig's claim was inferior and subsequent to the liens of all the other parties connected with this litigation.

The plaintiffs in error seem to entertain the erroneous belief that they can destroy rights and overturn priorities by simply bringing a case to the supreme court, and making only a portion of the parties in interest parties in the supreme court. They seem to labor under the erroneous belief, that by leaving out the Western News Company and James Douglas, and not making them parties in the supreme court, they have destroyed their rights, or at least overturned their priorities of interest in the fund in controversy. If the fact that the plaintiffs in error had not made all the parties in interest parties in the supreme court, had been presented to the attention of the court, the court would in all probability have dismissed their cases without any judgment except a judgment of dismissal, and for costs. (*Ex parte Polster,* 10 Kas. 204; *Ferguson v. Smith,* 10 id. 396; *Armstrong v. Durland,* 11 id. 15; *Hodgson v. Billson,* 11 id. 357; *Bassett v. Woodward,* 13 id. 341; *Richardson v. McKim,* 20 id. 346; *Browne's Appeal,* 30 id. 331.) But this fact was not presented to the attention of the supreme court, and hence the supreme court decided each case just as though all the parties in interest were parties in this court.

We think that under no circumstances should a party be allowed to gain an advantage by bringing a case to the supreme court and omitting to make some of the interested parties parties in the supreme court; and in no case should a judgment be interfered with by the supreme court where one of the parties to the judgment is not a party in the supreme court. Even if Hentig, by a judgment of the district court, should have obtained the prior rights of the Western News Company and James Douglas, such judgment should not be disturbed without making the Western News Company and James Douglas parties to the proceeding; for they might be willing to have their priority of rights transferred to Hentig, but not willing to have the same transferred to the plaintiffs in

error. And while the plaintiffs in error would have a right by petition in error to obtain from Hentig what Hentig had erroneously gotten from them, still they would have no right to obtain from Hentig what Hentig had obtained from the Western News Co. and James Douglas, and what never belonged to the plaintiffs in error.

But what we have said with reference to these matters we think is really unnecessary in the present case, for we do not think that the present motion for a rehearing ought to be entertained. Where justice has been done, as it has been done in the present case, we do not think that a motion for a rehearing, filed during the second term after the term at which the decision was made, ought to be entertained. Some courts will not entertain a motion for a rehearing filed during even the first term after the term at which the decision was made; and certainly where justice has been done, as it has been done in the present case, no court ought to entertain a motion filed during the second term after the term at which the decision was made. (See authorities cited by counsel for the Western News Co. and James Douglas: *Peck v. Sanderson*, 18 How. 42; *Browder v. McArthur*, 7 Wheat. 58; *Caldwell v. Bruggerman*, 8 Minn. 299; *Ex parte Sibbald v. United States*, 12 Pet. 491; 3 Dowl. P. C. 157; *The Santa Maria*, 10 Wheat. 442; *Latson v. Wallace*, 9 How. Pr. 334; *Vermilye v. Seldon*, 6 id. 41; *Martin v. Wilson*, 1 Comst. 240; *Wilmerdings v. Fowler*, 15 Abb. Pr. [N. S.] 90; 5 Kas. 425.)

The motion for a rehearing will be dismissed.

HORTON, C. J., concurring.

BREWER, J.: I concur in the above order, but cannot yield my consent to all that is said in the opinion.