CHARLES PENNELL *et al.* v. HATTIE C. FELCH.

1. PARTITION—*Res Judicata.* In an action of partition, where the
title to land and the right to divide and dispose of the same in
severalty are put in issue or might have been litigated therein,
the judgment rendered is binding upon all the parties to the pro-
ceeding and those holding under them as to such issues.

2. APPEAL—*Presumption.* In the absence of the testimony or of
a special finding upon a material question in the case, it will be
presumed that the facts disclosed in evidence were such as to
support the general finding and judgment of the court.

*Error from Doniphan District Court.*

ACTION by *Hattie C. Felch* against *Charles Pennell* and
others, to recover certain land. The plaintiff recov-
ered a judgment, and defendants bring the case here.
The opinion herein, filed April 6, 1895, states the
material facts.

*S. L. Ryan,* for plaintiffs in error.

*Albert Perry, C. D. Walker,* and *J. L. Berry,* for de-
fendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action to recover a 40-
acre tract of land in Doniphan county, which is a part
of a body of land purchased in 1859 and 1860 for per-
sons who before that time had been the slaves of
Joshua Pennell, of North Carolina. In 1855, Joshua
Pennell made a will by which he gave to all of his
slaves their freedom ; and he directed that his executor,
Joshua Winkler, should remove them to one of the
free states and purchase for them stock, implements
and utensils needed for farming, and procure for them
some land, the title of which should be settled in such
way that the emancipated slaves and their children

and issue should "have a common use and benefit of the said land during the time they may live on it; but if any of them shall remove from said land and cease to live upon it, then in that case the right and title of such of them as shall remove and cease to live upon it shall be determined, and he, she or they shall no longer hold right to any part of said land." A fund was set apart with which the executor was to purchase the land, and also pay the expenses of the removal of the emancipated slaves to the free state. Shortly after the making of the will, Joshua Pennell died in North Carolina, leaving eight slaves emancipated by the will, who were generally known by the name of the testator, a part of whom were removed to Kansas, in accordance with the directions of the will, and some of them sold themselves back into slavery, while others declined to avail themselves of the provisions of the will, and never came to Kansas. In 1869 a partition suit was brought in the district court of Doniphan county, in which all of the Pennells who were named in the will, and who had been brought to Kansas, were parties. In that proceeding the land which was purchased for them and upon which they had resided until that time was partitioned among them, and the parties to the proceeding took possession of the portions respectively assigned to them in severalty, and thereafter occupied the same. Under this proceeding, Augustus Pennell obtained the land in controversy in this action, and afterward, in 1877, upon a mortgage given by him and his wife, a judgment of foreclosure was rendered under which the land was appraised and sold. The purchaser at the sheriff's sale took possession of the land, which was continued until January 8, 1881, when it was conveyed to the plaintiff below, who remained in posses-

sion of the land for a time, but subsequently some of
the Pennells gained possession of the land, and hence
she commenced this action, naming as parties Charles
Pennell, Newton Pennell, and Felix Pennell, as well
as several other parties who disclaimed or were dis-
missed from the action. The trial court found that
the plaintiff was entitled to the possession of the
land, and also gave judgment against Charles, New-
ton and Felix Pennell for $105, for the rents and prof-
its of the land during the time they were in possession
of the same.

It is manifest that the rights of the parties under
the will and under the purchases of land made for
the Pennells by the executor were adjusted and deter-
mined in the partition suit in 1870. That proceeding
involved an interpretation of the will, and the kind
of title acquired under the will, and the conveyances
that were executed. The judgment in that action is
conclusive upon the parties thereto, not only as to the
matters actually determined, but also as to every other
matter which might have been litigated and decided
in the action. All of the plaintiffs in error in this
case were parties to that proceeding except Felix Pen-
nell. He is a son of Sophronia Pennell, who was a
party to the proceeding, and to whom a share of the
land was allotted. The record does not affirmatively
show that he was a party, nor does it show that he
had been born when the partition was made. The
testimony is not here, and the findings are silent upon
that subject. In this state of the record the general
finding will be treated as a finding of every special
thing necessary to sustain the judgment, and is con-
clusive in this court on all doubtful or disputed ques-
tions of fact. We cannot assume the existence of facts
that would impair the validity of the judgment, but

should rather presume the facts to be such as are not inconsistent with those specially found and yet will sustain the judgment that was given. It does not appear that any request was made for other and more specific findings, and none of those given can be said to be inconsistent with the judgment. (*Kellogg . v. Bissantz*, 51 Kas. 418.) The land in controversy was allotted, and each of the parties has received the share apportioned to him. The acceptance and disposition of the share so allotted estops any of such parties from questioning the adjudication and division that was made of the property. The judgment of the district court must therefore be affirmed.

All the Justices concurring.