. MARY LYSLE v. JOHN M. LINGENFELTER, *Sheriff,*
et al.

**No. 161.**

APPELLATE PRACTICE—*no special findings on material point,
presumption is that evidence sustains general verdict.* Where
the record contains none of the evidence offered on the trial and
no special finding was made upon a material issue in the case, an
appellate court will presume that the evidence before the trial
court was such as to support the general finding and judgment
of the court. *Pennell v. Felch,* 55 Kan. 78.

Error from Finney District Court. Hon. A. J. Ab-
bott, Judge. Opinion filed October 21, 1897. *Affirmed.*

*A. J. Hoskinson,* for plaintiff in error.

*H. F. Mason,* for defendants in error.

MILTON, J.   Plaintiff in error brought this action
in the District Court against John M. Lingenfelter and
his sureties upon his official bond as Sheriff of Finney
County, for damages in the sum of $305 arising from
the failure of said Lingenfelter to collect, by execu-
tion which was placed in his hands, a judgment held
by the plaintiff against one C. J. Jones; it being
alleged in plaintiff's petition that at the time the
Sheriff received the execution he had in his posses-
sion sufficient personal property of said Jones to sat-
isfy the writ, which he sold and the proceeds of which
he applied upon another execution, the return day of
which was prior to the day of sale.

Defendants answered, setting up, in addition to a
general denial, that the property levied upon and held
by the Sheriff as the property of Jones was claimed
by a third party, and that the Sheriff had demanded
indemnity from plaintiff, which demand was refused;
that plaintiff by her attorney directed the Sheriff to

872       Lysle v. Lingenfelter.

S. Dept.           Opinion.   Milton, J.        6 Kan. App.

return her writ with an indorsement of "no property found"; and that the personal property referred ·to was sold on prior executions, the day of sale and return day of such executions having been extended, by agreement of the plaintiffs and defendant in the actions in which such executions were issued, to a time later than the original return day of the executions.

The case was tried by the court·without a jury, and a judgment was rendered in favor of defendant. Plaintiff below, as plaintiff in error, now seeks to reverse this judgment. The evidence is not preserved in the record, but the court made certain special findings of fact, upon which the plaintiff in error claims that she was and is entitled to a judgment.

The special findings show that the property referred to was sold by the Sheriff more than sixty days after the date of the prior executions, by agreement of the parties in the case in which the executions were issued; that the proceeds of such sale were applied upon and were exhausted by such executions; that the Sheriff refused to levy plaintiff in error's execution, and that the property sold for $304.50. The error complained of is, that the court erred in its conclusion of law that the sale was legal and valid, and in rendering judgment in favor of defendants for costs.

As we view the matter, the validity of the sale of the property under the execution after the return day thereof is not, strictly speaking, in issue. We see no good reason for holding the sale to be invalid. Our Supreme Court, in the case of *Blain v. Irby* (25 Kan. 499), sustained a sale of personal property which was made after the return day of the execution, and many courts have so held. But this action was brought against the Sheriff and his sureties to recover damages arising from his failure to perform an act which it is

claimed he was bound as such official to do, and was not brought to set aside a sale. It cannot be doubted that there are cases in which the rights of a subsequent execution creditor have been so injuriously affected by a postponement of a sale of personal property, levied on under prior execution, until after return day thereof, that a right of action has thereby arisen in favor of such execution creditor as against the Sheriff. This case appears to belong to that class. We think that, if the plaintiff in error had not failed to give an indemnifying bond when the same was demanded by the Sheriff, the latter would be liable by reason of his refusal to levy her execution upon the property of the execution debtor which remained ·in his possession undisposed of at that time. The return day of the first execution having passed, and the day which had been agreed upon by the execution creditors and the execution debtor having not yet arrived, it was the duty of the officer to make a levy under the execution last issued. No facts appear in the record to indicate that he could not have done so without becoming liable in an action on the part of the first execution creditors. When the last execution came into his hands, he had no other valid final process under which to take or hold the property of the execution debtor. The first executions had spent their force. By making such levy, the officer would have simply declined to become a party to any contest between judgment creditors. Whether, under the circumstances, he ought not to have returned the first executions and procured *alias* executions, is not now important, for it was too late to do so after the new execution came to hand.

But the way is not clear for the application of the

law to the case as it is presented to us.  The record
does not contain the evidence.  The defendant's an-
swer averred that, when the execution upon the Lysle
judgment came into his hands, he notified the plain-
tiff's attorney of record that the Buffalo & Land
Company, a corporation, claimed the property, and
demanded from plaintiff in error an indemnifying
bond, which she refused and failed to give ; and that,
when defendant had informed the attorney for plain-
tiff in error concerning the dispute as to the owner-
ship of the property, and a postponement of sale had
been agreed upon between the execution creditors
and the execution debtors and said corporation, said
attorney directed to return said execution on the re-
turn day thereof with the indorsement "no property
found."  The trial court made a number of findings,
but none directly on these points.  No such findings
were asked for and no exceptions were taken to those
made.  The findings made are not inconsistent with
the judgment.  In this state of the record, it is proper
for us to assume that evidence tending to prove these
averments was introduced.  Viewed in this light, it
would appear that the levy was not made because of
the fault and negligence of plaintiff in error.  As sus-
taining our conclusion, see *Pennell v. Felch* ( 55 Kan.
78 ), where the court says :

"The testimony is not here, and the findings are
silent on that subject.  In this state of the record, the
general finding will be treated as a finding of every
special thing necessary to sustain the judgment, and
is conclusive in this court on all doubtful or disputed
questions of fact.  We cannot assume the existence of
facts that would impair the validity of the judgment,
but should rather presume the facts to be such as are
not inconsistent with those specially found and yet
will sustain the judgment that was given.  It does

not appear that any request was made for other and more specific findings, and none of those given can be said to be inconsistent with the judgment. *Kellogg v. Bissantz*, 51 Kan. 418."

The judgment of the trial court is affirmed.