THE KANSAS CITY-LEAVENWORTH RAILWAY COMPANY
v. FRED. FREY.

No. 12,950.  (71 Pac. 525.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Evidence not in Record.* Where the evidence is not preserved in the record, the special findings, in order to require this court to reverse a judgment based upon the general verdict, must be necessarily inconsistent with any reasonable theory tenable under the pleadings that would support the judgment.

Error from Leavenworth district court; J. H. GILL-PATRICK, judge.  Opinion filed February 7, 1903. Affirmed.

*Atwood & Hooper,* for plaintiff in error.
*Dawes & Wulfekuhler,* for defendant in error.

The opinion of the court was delivered by

MASON, J. : Fred. Frey sued the Kansas City-Leavenworth Railway Company, alleging that he had been injured November 30, 1899, by falling into a ditch dug in the public highway by the defendant, and negligently left unguarded.  The answer included a general denial.  A trial was had, and the jury returned a

general verdict for the plaintiff for $1000, upon which judgment was rendered.   Special findings of fact were also returned in response to thirteen special questions. The defendant now presents to this court the single question whether the special findings are inconsistent with the general verdict.

The evidence is not incorporated in the record. The findings of the jury are, in substance, that the defendant entered into a contract with the Cleveland Contracting Company, dated May 28, 1899, to construct, build and equip its railroad; that the Cleveland Contracting Company "took charge of, and started to work under said contract"; that the contract was not completed at the time of the injury; that the operation of cars on the railroad for other than construction purposes began January 15, 1900; that at the time of the injury the Cleveland Contracting Company had not turned over the road or offered to turn it over to defendant; that the Cleveland Contracting Company hired and had control of the men actually employed in the physical performance of said contract, and had the power to control and discharge them.   The only special findings in addition to the foregoing were those numbered 4, 5, and 6, which were as follows :

"4.   Who was the person in charge of the men who dug the ditch in question ?   Ans.   A man named Craig.

"5.   For whom was such foreman working?   A. Cleveland Contracting Company.

"6.   Who paid the foreman and men who dug the ditch?   A.   Cleveland Contracting Company."

The brief of the defendant in error is principally devoted to the argument that, notwithstanding the fact that the ditch may have been dug by an independent contractor, whose negligence caused the injury, the defendant is liable, the case falling within each of

two exceptions to the general rule, one based upon the fact that the work was done in virtue of a corporate franchise granted only to the employer ; the other based upon the fact that the work, being in the public highway, was dangerous to the public unless done with proper precautions.

Plaintiff in error in its brief, however, contends that the case does not involve any question of law as to the general rule of independent contractors, or as to exceptions to it, and argues that the special findings negative the allegation of the petition that the defendant company dug the ditch in question, and that, therefore, judgment should have been given against the plaintiff.   Its claim in effect is that, to sustain a recovery in this action, plaintiff should have pleaded that the contracting company dug the ditch, but that the circumstances were such as to render the defendant company liable for the negligence of the contracting company ; in other words, that the relation of an employer to an independent contractor for whose negligence he is liable on account of some exceptional circumstances is not that of master to servant, or principal to agent, and that, therefore, an allegation that the employer performed an act is not sustained by evidence or a finding that the contractor performed it, even though some principle of law other than *respondeat superior* renders the employer liable.

With the view we take of the findings, however, it is not necessary to determine the questions of law that are argued in either brief.   We hold that the special findings are not necessarily inconsistent with the general verdict for two reasons :  First, they do not affirmatively show that the contract between the railroad company and the construction company did not reserve to the defendant sufficient control to make it liable upon the principle of *respondeat superior*.   The

findings, it is true, have a tendency to show that the contracting company was an independent contractor. They show that some of the conditions of such a relation were present. But they do not distinctly negative other conditions which would of themselves be sufficient to destroy the independent-contractor theory. The findings that bear directly upon the matter are that the Cleveland Contracting Company had control of the men actually employed in the physical perfórmance of the contract; that it hired such men and had the power to control and discharge them. This may all be true and yet the defendant may have had the right to determine and direct the manner of performing the contract, and the precautions that should be taken to protect third persons from injuries resulting from its performance. Second, it does not affirmatively appear from the pleadings or findings that the ditch in question was dug as a part of the general contract for the construction, building and equipment of the railroad. This was a natural inference, but it was not a necessary one. So far as the record shows the ditch may have been dug under a separate contract. The only findings having a necessary relation to the ditch that occasioned the injury are those quoted in full. They are simply that the men who dug the ditch were in charge of a man named Craig, who was working for the Cleveland Contracting Company, and that the contracting company paid the men and Craig. These findings do not necessarily show that the contracting company was an independent contractor. One corporation can certainly contract with another for the performance of such a piece of work on such terms as to create the relation of master and servant between them, although the men who physically do the work, and the foreman in charge of them, are working for and are paid by the employed company.

"It is obvious that the control stipulated for in the contract may be so absolute as to make the discretion of the contractor wholly subordinate to that of the principal, or to that of his engineer, architect, or other superintendent ; in which case, the relation of master and servant is deemed to arise, and the maxim of *respondeat superior* applies. Whether this is so must depend in each case upon a just interpretation of the contract itself." (1 Thomp. Neg. § 661.)

The jury may have based their general verdict upon evidence that, so far as relates to the construction of this ditch, the contracting company was the agent or servant of the defendant. Such evidence would make the special findings support the allegation of the petition that the plaintiff dug the ditch.

"We cannot assume the existence of facts that would impair the validity of the judgment, but should rather presume the facts to be such as are not inconsistent with those specially found and yet will sustain the judgment that was given." (*Pennell v. Felch*, 55 Kan. 78, 39 Pac. 1023.)

Where the evidence is not preserved in the record, the special findings, in order to require this court to reverse a judgment based upon a general verdict, must be necessarily inconsistent with any reasonable theory tenable under the pleadings that would support the judgment. If we assume that the contract here involved, while leaving the contracting company in immediate charge of the workmen, reserved to the defendant a right to direct the methods to be pursued —and there is no finding to the contrary—there remains no inconsistency between the special findings and the general verdict or the petition.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.