FRANCES E. KELLOGG *et al.* v. BISSANTZ & MATTHEWS *et al.*

RECORD — *Evidence and Special Findings, Wanting.* In an action for the recovery of money and to determine the validity and priority of several mechanics' and other liens, findings of fact and of law were requested and made. The findings and judgment were brought to the supreme court without the evidence or any statement of what it proved. It was alleged as error that matters material to the validity of the liens were not stated in the special findings. Upon some material matters no findings were made, and upon others the findings were general and indefinite. No request was made for other or more specific findings, and none of those made are inconsistent with the judgment. *Held,* That, in the absence of the evidence or any request for other or more specific findings, no substantial error is shown.

*Error from Sedgwick District Court.*

ACTION to enforce a mechanic's lien. On the judgment entered determining the priority of the liens, the owner and the mortgagees bring the case to this court. All the material facts appear in the opinion herein, filed May 6, 1893.

*Stanley & Hume,* for plaintiffs in error:

The petition of Bissantz & Matthews was an ordinary petition on an account, and a statement of a mechanic's lien, and prayed for a personal judgment against Mrs. Kellogg, and foreclosure of the lien. Darlington and Cooper filed verified answers, denying every allegation of the petition of the plaintiffs below. They were mortgagees, and had a right in the foreclosure of their mortgages to contest the validity, as well as the priority, of the alleged liens of each of the defendants in error. *Hentig v. Sperry,* 38 Kas. 461. See, also, *Hayner v. Eberhardt,* 37 Kas. 308; *Weaver v. Sells,* 10 id. 610; *Delahay v. Goldie,* 17 id. 265.

Our second point involves the question whether or not the conclusions of fact show that the statements for mechanics' liens of each of the defendants were verified as required by statute; and, if not verified, is the fact of such want of verification fatal to the validity of such statements? We claim that the verification of a statement for a mechanic's lien is as essential as the facts which must be incorporated in the statement itself. *Hentig v. Sperry,* 38 Kas. 461. See, also, *Deatherage v. Woods,* 37 Kas. 59; *Hayner v. Eberhardt,* 37 id. 308.

On the third point, we claim that what was proven with reference to what was contained in the statements for mechanics' liens, as filed by the defendants in error Peters, W. H. Bail, Andrew Bail, and Watt, is shown in conclusion of fact No. 7. No lawyer will assert for a moment, that upon such conclusion it can be stated as a matter of law that the statements for mechanics' liens, as filed by said parties, were sufficient as mechanic's-lien statements. Such statements were defective in the following particulars: (1) The name of the contractor; (2) the name of the claimant; (3) a description of the property subject to the lien, verified by affidavit. See Civil Code, § 631.

*Sankey & Campbell,* for defendants in error Bissantz & Matthews:

The record in this case shows affirmatively, both that the hardware was sold under a parol contract, to be used in the dwelling house on which the mechanic's lien was established, and that the statement for the lien was duly verified.

If the assumption of plaintiffs in error, that by reason of the omission of the court to set out specifically that the hardware was sold under a contract, to use in the particular building against which the lien was claimed, and that the statement for a lien was properly verified, is a defect, this court would not disturb the judgment, for the reason that before error could be predicated thereon the attention of the court below must be called to the alleged omission or error, and given an opportunity to amend its findings or refuse so to do. See *Cowling v. Greenleaf,* 33 Kas. 571; *Briggs v. Eggan,* 17 id. 591. In this case, no motion or request was made to have the court amend its conclusions of fact, or pass upon the alleged omission, or give its conclusions upon the evidence on the points raised.

*John D. Davis,* for defendants in error Thomas Peters, Andrew Bail, Lemuel W. Watt, and W. H. Bail:

This case was tried by the court without a jury, and the findings of fact and the conclusions of law, together with the pleadings, have all been preserved and brought to this court, but the evidence has not. Where a case is tried before a district court without a jury, and a general finding of facts made upon oral testimony, such finding is a finding of every special thing necessary to sustain the general finding, and is conclusive in this court upon all doubtful or disputed questions of fact. *Stout v. Townsend,* 32 Kas. 425. See, also, *Briggs v. Latham,* 36 Kas. 208.

The case of *Hentig v. Sperry,* 38 Kas. 461, as cited by plaintiffs in error, has no bearing whatever upon this case.

In the case of *Hayner v. Eberhardt,* 37 Kas. 308, one of the issues made by the pleadings was the existence of the partnership, the other the execution of the lien; no evidence was offered to prove either; the defendant demurred; the trial court overruled the demurrer, which ruling was reversed by the supreme court.

The findings nor pleadings in this case do not show that the defendants Thomas Peters, Lemuel W. Watt, W. H. Bail, and Andrew Bail, or either of them, failed to prove the execution of their liens. Throughout the findings of fact, as found by court, and the pleadings in the case, there is interwoven an abundance of facts to prove and show conclusively that the statements as filed by the said defendants contained the necessary facts as required by law. We ask that the judgment of the lower court be not disturbed, and that the proceedings in error, so far as Lemuel W. Watt, W. H. Bail and Andrew Bail are concerned, be dismissed.

The opinion of the court was delivered by

JOHNSTON, J.: Frances E. Kellogg, who was the owner of real estate in the city of Wichita, began the erection of a dwelling house thereon on July 1, 1887. Through her husband, who acted as her agent, she contracted with and employed Thomas Peters, Andrew Bail, William H. Bail and Lemuel W. Watt as carpenters, to assist in the construction of the building, and, under this agreement, each of them performed labor upon the building until February 4, 1888. They were not paid for their labor, and on July 13, 1888, each filed in the office of the clerk of the district court a statement for a mechanic's lien. Bissantz & Matthews furnished hardware, which was purchased by the Kelloggs and used in the erection of the house, and on June 21, 1888, the bill for hardware not being paid, they filed a statement in the district court claiming a lien on the property of the Kelloggs. On November 1, 1888, Frances E. Kellogg and her husband executed and delivered to Smedley Darlington a promissory note for the sum of $1,700, secured by a mort-

gage on the real estate whereon the house was built, and on the same day another mortgage was executed by them to S. W. Cooper, to secure the sum of $218.80. Bissantz & Matthews brought this action to recover from the Kelloggs the amount of their claim and to foreclose their mechanic's lien. All of the persons who claimed liens upon the premises were made parties defendant. Each one who had furnished material and labor, as well as the mortgagees, set forth his claim and right to a lien on the premises in appropriate pleadings, but the record does not show that any defense was made by the Kelloggs. In the trial, which was had without a jury, it appears that the only controversy was as to the existence and priority of liens. Findings of fact and of law were made by the court, in which it was determined that the defendants in error had valid mechanics' liens upon the property, and that Darlington and Cooper had valid mortgages, but that the mortgage liens were inferior and subsequent to the mechanics' liens. Darlington and Cooper complain of the rulings made, and the case-made which they have presented to this court includes only the pleadings, the conclusions of fact and of law, together with the final judgment of the court. They insist that the findings do not sustain the judgment which was rendered. It is contended that the findings fail to show that the bill of hardware sold by Bissantz & Matthews was furnished under a contract, and with the intention and understanding that the same should be used in the erection of the Kellogg dwelling house. It is specifically found that "the bill of hardware was bought by C. W. Kellogg, acting as the husband of said defendant Frances E. Kellogg, and that said bill of hardware was used in the erection of a dwelling house on the property described in the second conclusion of fact." The mechanic's lien which was filed by Bissantz & Matthews, and is attached to their petition, is sufficient in this respect, and shows that the material was sold with the intention and understanding that it should be used in the erection of the dwelling house to be erected on Kellogg's premises. It is also found that this mechanic's-lien statement sets forth that Fran-

ces E. Kellogg was the owner and Bissantz & Matthews were the contractors, who, under a contract with the owner, furnished the material, the account of which was attached, and that the material was used in the erection of the dwelling.

Among what are termed "conclusions of law," it is found that the mechanic's lien of Bissantz & Matthews is a valid and subsisting one upon the property, and that plaintiffs are entitled to a foreclosure of the same.   No more specific findings with reference to the contract of Bissantz & Matthews were requested by the plaintiffs in error, nor was the attention of the court called to the indefiniteness of the findings in this respect.   The objection that the judgment is without support cannot be sustained.   To constitute a lien, it is true that the material must have been furnished under a contract and with the purpose that it was to be used in the building, and further, that it has actually been so used.   But the evidence which was offered upon the trial is not embraced in the record, and there is nothing showing that other and more specific findings were requested by the plaintiffs in error.   While there is no finding which specifically states that the material was sold and furnished with the intention and understanding that it was to be used in the construction of the building, there is nothing to the contrary.   If a special finding is inconsistent with the verdict or judgment, the former must control; and if the findings in this case affirmatively showed that there was no such purpose and understanding, the judgment could not be upheld.   That the material was sold and furnished with such intention may have been a conceded fact, and therefore neither the parties nor the court deemed a specific finding upon that subject as important or necessary.   In what are designated as "conclusions of law," there is a complex finding of fact and of law which tends to support the judgment.   It is found that Bissantz & Matthews have a valid lien, which they are entitled to foreclose.   If there was in fact a controversy as to the intention for which the material was furnished, and parties desired to raise the question on the findings alone, they should have asked for more specific findings on that question.

If the attention of the court had been called to the omission, a finding would have been made which would have enabled this court to say whether substantial error had been committed; but in the absence of any finding upon this subject, or a request for one, and in the absence of the evidence and other proceedings of the trial, we cannot say that an injustice has been done to the defendants in error.

In *Briggs v. Eggan,* 17 Kas. 591, it was held that

"Where the court attempts to make special findings, as requested by a party, and inadvertently fails to make a special finding upon some particular matter in controversy, or makes such finding in too general terms, the court does not thereby commit substantial error, unless its attention is first called to the omission to find, or to the defective finding, and it then fails or refuses to correct the same."

It is also contended that the record fails to show that the statements for mechanics' liens were properly verified; but what has already been said disposes of this objection. It is found that the statements for mechanics' liens were filed, and presumably they were such as are sufficient under the statute. No specific finding as to the verification was requested or made. The rule which has been stated disposes of the objection made to the liens declared in favor of the other defendants in error. There is no complaint of inconsistency between the special findings and the judgment, but only of incompleteness in fully setting out the contents of the statements filed by them for mechanics' liens. Error must be affirmatively shown, and no such showing has been made here as will justify a reversal of the judgment of the district court. It will be affirmed.

All the Justices concurring.