THE ATLANTIC TRUST COMPANY AND WILLIAM E. SWENTZEL v. C. J. PRESCOTT AND ARTHUR ALLEN, *Partners as Prescott & Allen.*

No. 500.

PARTIES ON ERROR — *all parties below who may be affected by reversal, must be.* Where the judgment debtors, and owners of the property against which a lien has been adjudged valid below, are not made parties in this court, the validity of the lien will not be considered.

Error from Shawnee Circuit Court. Hon. J. B. Johnson, Judge. Opinion filed April 30, 1897. *Dismissed.*

The defendants in error brought this action to foreclose a mechanic's lien on property of Hattie I. Dennis and J. H. Dennis, making the plaintiffs in error, B. L. Vineyard and C. I. Harvin parties defendant. The Atlantic Trust Company denied the validity of the mechanic's lien and set up a mortgage on the same property. Swentzel also denied the validity of the mechanic's lien and set up, as a first lien upon the property, a judgment obtained by him. The other defendants, including Hattie I. Dennis and J. H. Dennis, made default. Judgment was rendered below finding the amounts due, declaring the defendants in error and Swentzel equal as to priority, and subordinating to their liens the mortgage of the Atlantic Trust Company. The plaintiffs in error excepted to the judgment, and brought this proceeding to reverse it; but did not make any of their co-defendants parties here. The defendants in errror moved, on this ground, to dismiss the petition in error.

*Henry P. Lowenstein, Edward C. Wright, James T. Cochran,* and *Marion B. Proctor,* for plaintiffs in error.

*J. B. Larimer,* for defendants in error.

WELLS, J.   The first question for our decision is the motion of the defendants in error to dismiss the petition in error for the reason that Hattie I. Dennis, James H. Dennis, B. L. Vineyard and C. T. Harvin, defendants in the court below, have not been brought into this court.   This is not merely a question of the marshaling of liens.   The issue raised is : Have defendants in error *any* lien upon the property in question?   If they have a lien for the amount claimed, it is undoubtedly superior to the lien of the plaintiff in error.

In *Stationery and Paper Co. v. Hentig* ( 31 Kan. 322 ), the court says : " In no case should a judgment be interfered with by the supreme court where one of parties to the judgment is not a party in the supreme court."   In *Loan Co. v. Lumber Co.* ( 53 Kan. 677), it was held that, where " it appears that a modification or reversal will affect a defendant who has not been made a party, the proceeding in error will be dismissed."   In that case, the plaintiff in error claimed, not only that its lien was prior to the lien of the defendant in error, but that the amount allowed the defendant in error against the owner of the land, who was not brought into the reviewing court, was too large ; and the case was dismissed for defect of parties.   That case is very much like the case at bar, the main difference being that the omitted defendant contested in the court below ; but we do not think this is material.

The motion to dismiss the petition in error for defect of parties, is sustained.