## King v. Timmons.

No. 2165, Okla. T.   Opinion Filed March 9; 1909.

(100 Pac. 536.)

**PARTNERSHIP—Actions—Variance—Capacity of Parties.** A party being sued, not as a partner, but individually, it is error to permit a recovery against him as a partner, where objection is timely made on that ground.

(Syllabus by the Court.)

*Error from District Court, Washita County.*

Action by Homer S. Timmons, by his next friend, against
J. B. King. Judgment for plaintiff in the probate court, and,
on appeal, judgment for plaintiff in the district court, and de-
fendant brings error. Reversed and remanded.

On the 30th day of August, A. D. 1906, the defendant in
error, as plaintiff brought suit in the probate court of Washita
county, territory of Oklahoma, against plaintiff in error, as de-
fendant, to recover the sum of $53.25, for labor alleged to have
been performed by him. Fred Burrell was also made a defendant
in the court below, but no service was ever had upon him. The
petition contained two counts, one against J. B. King and Fred
Burrell as partners, and one against J. B. King individually, each
count being for the same amount and based upon the same cause
of action.

The case was tried before a jury in the probate court, and
judgment rendered against said J. B. King, individually, in the
sum of $10. Thereafter said J. B. King appealed the case to the
district court, and on the 9th day of November, A. D. 1906, the
case was tried before a jury, and a verdict rendered against said
J. B. King in the sum of $53.25, the amount prayed for in the
petition, and judgment was rendered upon the verdict of the jury.
A motion for a new trial in due time was filed and overruled, and
exceptions saved, and an appeal taken to the territorial Supreme
Court, and the same is now properly before this court, by virtue
of the provisions of the Enabling Act and the Schedule to the
Constitution, for review.

The only evidence in the record to sustain the verdict of the
jury for $53.25 is the following:

"Q. Now, Mr. Timmons, how long did you work under the
contract you had with Mr. King—how many days' work did you
do? A. Seventeen days and a half. Q. What did you use in
laboring for him—I mean with reference to teams and wagons?
A. I run a bundle wagon. Q. You furnished, then, a wagon
and team and yourself? A. Yes, sir. Q. For how much? A.
Two dollars and a half a day. Q. Do you know the total amount,

Homer? A. Yes, sir. Q. State the total amount if you know it. A. $53.25."

The plaintiff was required to elect upon which count he would proceed, and stood upon the second count, which was against J. B. King individually, and not as a partner with the said Burrell.

The following special interrogatory was requested by the plaintiff in error, to wit: "Do you find that Fred Burrell and J. B. King were partners in the operation of the threshing machine in question in this case?" which was denied by the court, and exceptions to such action properly saved and reserved in the motion for a new trial.

The following instruction was requested by the plaintiff in error, and was refused by the court, and exceptions saved and proper assignment thereof made in the motion for a new trial, to wit:

"The jury are instructed that if they find from the evidence that J. B. King, the defendant, and Fred Burrell were partners in the operation of the threshing machine in question, and that defendant employed said plaintiff to perform services on behalf of said partnership and for the partnership, then the defendant, King, would not be liable as an individual, and you will find for defendant."

This instruction was not covered in the general charge.

*R. Brett* and *Massingale & Duff,* for plaintiff in error.

*T. A. Edwards* and *Jas. W. Smith,* for defendant in error.

WILLIAMS, J. (after stating the facts as above). In the case of *Champion v. Wilson & Co., 64 Ga. 191,* Mr. Justice Jackson, in delivering the opinion of the court, said:

"Champion was not sued as a partner, but individually, and there could not be a legal recovery against him as a partner. It matters not that the others who were alleged to be his partners were bankrupt, and that the recovery would come out of him in any event. The plaintiffs must sue him, as he contracted with them, and recover accordingly. *Booher v. Worrill, 43 Ga. 587.* The evidence on some of these points is conflicting—sufficiently so to entitle the parties to have the law fully and accurately given to the jury, and as, in our view, that has not been done on every

controverted point in the very protracted and complicated case the record makes, the ends of justice require a new trial."

Under the record in this case, there was a question as to whether or not the alleged contract was with the plaintiff in error as an individual or a partnership. The instruction refused by the court covered this question, and should have been submitted to the jury.

The special interrogatory requested to be submitted to the jury by the plaintiff in error under section 4477, Wilson's Rev. & Ann. St. Okla. 1903, should have been given; but in view of section 21, art. 7 (Bunn's Ed. §194; Snyder's Ed. p. 223), of the Constitution of Oklahoma, providing that, "in all jury trials, the jury shall return a general verdict, but no law in force, nor any law hereafter enacted, shall require the court to direct the jury to make findings on particular questions of fact; but the court may, in its discretion, direct such special findings," being repugnant thereto, said section 4477, *supra,* was not extended to and did not remain in force in the state of Oklahoma by virtue of section 2 of the Schedule to the Constitution (*Arie v. State, ante,* p. 166, 100 Pac. 23), and consequently on another trial it would be within the discretion of the court as to whether or not such special interrogatory should be submitted to the jury.

In view of the fact that this case must be remanded for a new trial, it is not necessary to determine whether or not the evidence in the record supports the verdict, as it is apparent that the uncertainty of the record can be made clear and definite on another trial.

The judgment of the lower court is accordingly reversed and remanded.

All the Justices concur.