McLAUGHLIN *et al.* v. NETTLETON.

No. 287.    Opinion Filed December 7, 1909.

(105. Pac. 663.)

**APPEAL AND ERROR**—Review—Suspension of Proceedings Pending Appeal—Foreclosure—Confirmation of Sale. The petitioner seeking for an order to suspend proceedings under a certain judgment, and having substantially complied with section 4765 (chapter 66, art. 22, sec. 567) Wilson's Rev. & Ann. St. 1903, which was denied, and the petition to vacate the judgment also being denied, and an appeal being prosecuted therefrom to this court and sustained, the cause being reversed with instructions to vacate said judgment; also an appeal being prosecuted from the order denying suspension of the proceedings on said judg-

ment—said order will be reversed with instructions to suspend proceedings on said judgment.

Where it further appears that a sale was made under order of foreclosure on such judgment, but that in due time objection was made to the confirmation thereof for the reason (1) that application was pending for the vacating of said judgment, and further (a) that proceedings for an order suspending the enforcement of said judgment was pending, which objections to the confirmation being overruled on appeal to this court from such order, same will be reversed, with instructions to sustain the objections to such confirmation.

(Syllabus by the Court.)

*Error from District Court, Kiowa County; Lafe Knowles, Special Trial Judge.*

Action by Arthur E. Nettleton against Charles E. McLaughlin and others. Judgment for plaintiff, and defendants bring error. Reversed.

*Devereux & Hildreth,* for plaintiffs in error.

WILLIAMS, J.   Section 4765 (section 567, art. 22, c. 66) Wilson's Rev. & Ann. St. 1903, provides that:

"The party seeking to vacate or modify a judgment or order, may obtain an order suspending proceedings on the whole or part thereof; which order may be granted by the court, or any judge thereof, upon its being rendered probable, by affidavit, or judgment or order vacated or modified."

On the 6th day of December, 1907, Charles McLaughlin, one of the defendants in a certain cause pending in the district court of Kiowa county, territory of Oklahoma, entitled "Arthur E. Nettleton v. Charles E. McLaughlin *et al.,*" wherein judgment by default was rendered on the 21st day of May, 1907, decreeing foreclosure on certain realty to satisfy judgment therein, filed a motion alleging that he had filed in said action his petition to set aside said judgment, which petition had not been passed upon by the court, and which was in due form and as required by law. On the 13th day of January, the plaintiff in said action, to wit, Arthur E. Nettleton, answered said motion, denying each and every affirmative allegation therein set forth, and praying that it be not granted. On the 14th day of January, A. D. 1908, the

McLaughlin *et al.* v. Nettleton.

petition to set aside and vacate said judgment having been denied, the motion to suspend the execution of said judgment was also overruled, and, execution having issued on said judgment and decree of foreclosure, said realty was sold thereunder on the 13th day of January, 1908. On the 15th day of January, 1908, motion was filed in said court, objecting to the confirmation of said sale, and moving to set same aside because at the time said sale took place the applicant or petitioner, Charles E. McLaughlin, had pending in process of being heard, petition in due form, and as required by law to vacate and set aside said judgment, which had then been overruled, but from which action petitioner intended to prosecute an appeal to the proper appellate court. In due time he had also presented his motion for the suspension of execution on said judgment for the same reason. Said motion was overruled, and an appeal has been properly prosecuted to this court.

In the case of *McLaughlin et al. v. Nettleton* (No. 286, decided at this term), *ante,* p. 319, 105 Pac. 662, it was held by this court that said judgment should have been vacated, and the case was accordingly reversed, with instructions to proceed in accordance with said opinion. It necessarily follows that the application to suspend proceedings on said judgment should have been issued as prayed for, and the objections to the confirmation of said sale sustained.

The judgment of the lower court is reversed, with instructions to grant the order prayed for and proceed in accordance with this opinion.

All the Justices concur.