## PRICE *et al.* v. COVINGTON.

No. 2497. Opinion Filed November 14, 1911.

(119 Pac. 626.)

APPEAL AND ERROR—Necessary Parties—Dismissal. A joint judgment being rendered against P. and G. for the possession of a certain tract of land and the costs of trial, G. was allowed ninety days in which to prepare and serve a case-made, ten days for the suggesting of amendments, same to be settled upon five days' notice by either party. There was no extension of time asked or granted to the co-defendant P. After the expiration of three days from the time of entering the judgment, and denial of motion for a new trial, the case-made was served on defendant in error and presented for settlement and signed and settled without any service or notice upon or to P. There was no waiver by the said P. of service of the case-made, or of notice of the time and place of signing and settling the same, nor of the suggestion of amendments. Held, that this court is without jurisdiction to review any alleged errors sought to be presented.

(Syllabus by the Court.)

Kane, J., dissents.

*Error from District Court, Murray County; R. McMillan, Judge.*

Action by W. D. Covington against S. P. Price and Josiah Gibson. Judgment for plaintiff, and Price brings error. Dismissed.

*Emanuel & Broadbent* and *Wm. A. Baker,* for plaintiffs in error.

*Walter E. Latimer* and *J. H. Casteel,* for defendant in error.

DUNN, J. This case presents error from the district court of Murray county. On April 8, 1910, the court rendered a joint judgment against S. P. Price and Josiah Gibson. On April 9, 1910, motion for new trial was filed by Josiah Gibson, which, on August 20, 1910, was overruled and the defendant Gibson given 90 days within which to make and serve a case-made, plaintiff ten days within which to make and suggest amendments, the same to be signed and settled on five days' notice. The joint judgment debtor, S. P. Price, filed no motion for a new trial, made no case-made within three days from the date of any judgment or order, and was given no extension of time, but on the filing of the petition in error and case-made, duly prepared, served, and settled by Josiah Gibson, the said S. P. Price is made a party plaintiff in error. There having been filed a motion to dismiss the appeal for the reason that the said Price, being a joint judgment debtor, is a necessary party to the same, and that not having prepared any case-made within three days, filed a motion for a new trial, nor secured extension of time within which to make and serve a case, nor waived any of the statutory requirements, and there being no claim that the case is here on transcript of the record, the petition in error must be dismissed. The question here presented was passed on by this court at this term in the case of *Thompson et al. v. Fulton, ante,* p. 700, in an opinion prepared by Justice Williams. In that case there was a joint judgment against Thompson and Mathis, and the court said:

"The record recites that 'thereupon the defendant Rachel

Thompson excepted to said judgment and asked that she be given 90 days in which to prepare and serve case-made and that 10 days be given the plaintiff (J. S. Fulton) in which to suggest amendments, and that said case, when so made, be settled upon five days' notice by either party, which time is by the court granted.' This is the only order granting an extension of time to anyone in said action for the settling and signing of the case-made. The case-made when made was served upon the plaintiff's attorney, but no service was had upon the co-defendant, Ed Mathis. Neither were any amendments suggested nor the right to suggest same waived by the said Mathis, or anyone for him. It follows that the case-made is invalid. Whilst the questions sought to be raised could be brought up by transcript, yet the record is not certified by the clerk, and, therefore, cannot be considered as a transcript."

It therefore follows that under this authority the petition in error is dismissed.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; KANE, J., dissents.