## TABY v. McMURRAY.

No. 1291.   Opinion. Filed January 9, 1912.

(120 Pac. 665.)

1. **APPEAL AND ERROR—Failure of Defendant in Error to File Brief.** When the defendant in error chooses not to aid this court with a brief, and the brief of the plaintiff in error appears reasonably to support the assignments of error, it is not the duty of this court to search the record with a view of ascertaining some possible theory on which the judgment may be affirmed.

2. **PARTNERSHIP—Action Against Firm—Parties.** In an action on a contract made by a partnership, it is necessary to join as defendants all of the members of the firm.

3. **JURY—Right to Jury Trial—Reference.** In an action at law pending prior to the admission of the state, and in which the parties were entitled to a jury trial, it is error for the trial court, of its own motion and over the objection of one of the parties, after a jury has been impaneled, to withdraw the case from the jury and refer it to a referee for trial.

(Syllabus by Ames, C.)

*Error from District Court, Pittsburg County; Preslie B. Cole, Judge.*

Action by J. F. McMurray, defendant in error, plaintiff below, against Stephen Taby, plaintiff in error, defendant below, to recover damages for breach of contract. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Arnote & Monk,* for plaintiff in error.

*Boyd & Moore,* for defendant in error.

Opinion by AMES, C. The petition in error in this case was filed on December 20, 1909, and the briefs of the plaintiff in error were filed in February and in April, 1910. There have been no briefs filed by the defendant in error.

We therefore apply the rule of this court that, where the brief of the plaintiff in error reasonably appears to support the assignments of error, the court will not search the record to ascertain some possible theory on which the case may be affirmed, but if the assignments of error appear to be reasonably supported by the record the case will be reversed. *Sharpleigh Hardware Co. v. Pritchard,* 25 Okla. 808, 108 Pac. 360; *School District No. 39, Pottawatomie County, v. Shelton,* 26 Okla. 229, 109 Pac. 67, 138 Am. St. Rep. 962; *Butler v. Stinson,* 26 Okla. 216, 108 Pac. 1103.

There are numerous errors assigned, and a number of them appear to be well taken, but, in view of the fact that the case is not argued by the defendant in error, we will only pass on two questions, which are sufficient to reverse and remand the case.

The plaintiff sues the defendant for breach of a contract, executed by the defendant and one Thomas Walker, as partners, and Walker is not made a party defendant. The question was raised by the defendant, decided adversely to him, an exception taken, and it is now assigned as error. The assignment is well taken. In a suit on a contract of partnership, it is necessary to join all the partners. *Holden v. Lynn, infra,* 120 Pac. 246; *King v. Timmons,* 23 Okla. 407, 100 Pac. 536; *Cox v. Gille Hardware, etc., Co.,* 8 Okla. 483, 58 Pac. 645; 2 Bates on Partnership, par. 1049; Shumaker on Partnership, 383.

This action was commenced on the 10th of January, 1907, in the United States court, at McAlester, by filing a pleading expressly called 'a "complaint at law." Thereafter the defendant answered, pleading a former adjudication, a general denial, an admission of the execution of the written contract, but a denial of any liability thereunder, and further that the plaintiff was indebted to him for damages on account of a breach by the plaintiff of this same contract. A reply was duly filed, and thereafter

the cause came on for trial, a jury was impaneled, the plaintiff and the defendant stated their cases to the jury, and thereupon the court, of its own motion and over the objection of the defendant, discharged the jury, transferred the cause to the equity docket, and referred it to a special referee. This being an action for the recovery of money on account of the breach of contract, and not praying for any accounting, or involving any intricate accounting, we think it was correctly instituted by the plaintiff as an action at law, and therefore the parties were entitled to a jury trial.

It has been frequently held that, in a case pending at the time of the admission of the state, parties entitled to a jury trial were entitled to a unanimous verdict. *Kerfoot-Bell Co. v. Kerfoot, infra,* 118 Pac. 367; *Pacific Mutual Life Insurance Co. v. Adams,* 27 Okla. 496, 112 Pac. 1026. This being true, it, of course, follows that the parties are entitled to a jury trial, and if section 2 of the Schedule preserves the right to a unanimous verdict, it certainly preserves the right to have a jury try the case, and the court cannot defeat this right by ordering a reference over the objection of one of the parties.

For the reason stated, we think the case should be reversed and remanded.

By the Court: It is so ordered.

All the Justices concur.