GWINNUP *et al.* v. GRIFFINS *et al.*

No. 1488.  Opinion Filed May 14, 1912.

Rehearing Denied June 25, 1912.

(124 Pac. 1091.)

**APPEAL AND ERROR**—Dismissal—Parties.  All persons who are parties to the proceedings in the trial court, and whose interests will be adversely affected by a reversal of the judgment, must be brought into the appellate proceedings. If the interests of those who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the judgment complained of, without a reopening of the case as to the other parties as to whose interests the judgment has become final by the failure to appeal, the appeal will be dismissed.

(Syllabus by Robertson, C.)

*Error from District Court, Muskogee County;*
*John H. King, Judge.*

Action by Harry G. Gwinnup and James L. Allen against
J. F. Griffins and others. Judgment for defendants, and plain-
tiffs bring error. Dismissed.

See, also, 26 Okla. 866, 113 Pac. 909.

*Hutchings & German* and *James A. Allen,* for plaintiffs in
error.

*W. W. Noffsinger, David A. Kline,* and *Chas. F. Gotwals,*
for defendants in error.

Opinion by ROBERTSON, C. This cause comes up on a
motion by F. L. Martin to dismiss the appeal of plaintiffs in
error for the following reasons, to wit:

"(1) Because the case-made was not served on all the
defendants in error. (2.) Because the case-made was not pre-
pared and served as required by law. (3) Because all the par-
ties to the trial below were not made parties to the appeal. (4)
Because all the necessary parties to an appeal were not made so
by this appeal."

It appears by the record that, at the trial in the lower court,
J. F. Griffins, James Robinette, W. A. Crosby, T. F. Crosby, F.
L. Martin, and C. W. Turner each appeared as defendants and
filed their answers, and that a judgment was entered against all
of them jointly for damages and for costs, except as to W. A.
Crosby. Thereafter the judgment was set aside and a new trial
ordered; from this order this appeal was taken. The case-made
was served on F. L. Martin, T. F. Crosby, and James Robinette,
yet F. L. Martin, as is shown by the record in the clerk's office,
was the only defendant in error served with summons in error,
and the only one named in the praecipe for summons in error.

The *petition in error* was filed in this court March 10, 1910.
The motion to dismiss was filed July 21, 1910. On June 21, 1911,
the defendants in error, J. F. Griffins, James Robinette, and C.
W. Turner, entered a general appearance in this court, but this
was more than a year after the rendition of the judgment in the
trial court, and more than a year after the petition in error was

filed in this court. This was not sufficient to confer jurisdiction upon this court.

In *American Nat. Bank, etc., v. Mergenthaler Linotype Co.,* 31 Okla. 533, 122 Pac. 507, it is said:

"Where a reversal is sought upon the case-made, it or a copy thereof must be served upon each adverse party or his attorney. A failure so to do upon a party to a joint judgment, who will necessarily be affected by a reversal thereof, defeats the jurisdiction of the appellate court and prevents a review of the judgment, and that, too, although he subsequently appears in this court and waives service of the case-made."

Defendants J. F. Griffins, T. F. Crosby, C. W. Turner, James Robinette, and W. A. Crosby were not served with summons in error, nor did they ever waive the issuance of same, nor enter their appearance in the Supreme Court until more than one year after the entering of the judgment in the trial court, also more than a year after the petition in error was filed in this court. The record shows that they were necessary parties to this appeal, whose interests would be affected by a judgment of reversal. The motion of F. L. Martin, therefore, should be sustained, and the appeal should be dismissed.

The proposition herein involved is no longer open to discussion in this state. The court has repeatedly held that:

"All persons who are parties to the proceedings in the trial court, and whose interests will be adversely affected by a reversal of the judgment, must be brought into the appellate proceedings. If the interest of those who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the judgment complained of without a reopening of the case as to the other parties as to whose interest the judgment has become final by the failure to appeal, the appeal will be dismissed." (*Seibert v. First Nat. Bank,* 25 Okla. 778, 108 Pac. 628, and cases cited therein.)

See, also, *Humphrey v. Hunt,* 9 Okla. 196, 59 Pac. 971. Also *Trugeon v. Gallamore,* 28 Okla. 73, 117 Pac. 797, and authorities there cited. Also *Price v. Covington,* 29 Okla. 854, 119 Pac. 626; *Merrell v. Walters,* 30 Okla. 173, 119 Pac. 1122.

For the reasons given, the appeal should be dismissed.

By the Court: It is so ordered.