## COOK *et al.* v. STATE *et al.*

No. 3299.  Opinion Filed December 3, 1912.

(130 Pac. 300.)

On Rehearing, March 10, 1913.

1. **APPEAL AND ERROR—Joint Judgment—Parties.** All parties to a joint judgment must be joined in a proceeding in error in this court to review such judgment, either as plaintiffs or defendants in error.

2. **SAME—Service of Case-Made.** If a joint judgment is sought to be reviewed by petition in error with case-made attached, the case-made must be served upon all parties against whom the joint judgment is rendered.

  (a) When such service is not had, unless all such parties waive same or do acts that amount to entering an appearance at the presentation and settling of the case-made, such case-made is a nullity.

(b) The fact that the party upon whom service was not had as to the case-made and the signing and settling of the same made default in the trial court before the joint judgment was rendered does not take the case-made, as to service, etc., out of the rule.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Action by the State, on the relation of the County Attorney, against W. J. Cook and A. Z. English, administrators of the estate of F. B. Severs, deceased, and others. Judgment for plaintiff, and defendants bring error. Dismissed.

*W. W. Wood* and *Moore & Noble,* for plaintiffs in error.

*J. W. Childers,* Co. Atty., for defendants in error.

WILLIAMS, J. Counsel for the state of Oklahoma moves to "strike the case-made from the files and dismiss the appeal and petition in error," on the ground (1) that the case-made was neither served on James Kanard, one of the defendants in error, nor was he present at the presentation, signing, and settling of the same; nor was the presentation, signing, and settling thereof waived by him; nor did he have notice thereof; (2) that notice of the presentation, signing, and settling of the case-made was neither served on the defendant in error James Kanard or his attorney, nor was notice thereof waived by him or his attorney.

The judgment sought to be reviewed by this proceeding is a joint one, the same, however, having been rendered against James Kanard by default; the other defendants, Frederick B. Severs and Molleanna Snakaya, plaintiffs in error, having defended in the lower court. It was essential that the said James Kanard be either joined as a plaintiff or defendant in error. *May et al. v. Fitzpatrick et al., ante,* 127 Pac. 702, and authorities therein cited.

If the judgment of the trial court was to be reviewed by means of a petition in error with case-made attached, the same should have been served upon James Kanard. *Thompson v. Fulton,* 29 Okla. 700, 119 Pac. 244; *Price v. Covington,* 29 Okla. 854, 119 Pac. 626.

The fact that the joint judgment against Frederick B. Severs, Molleanna Snakaya, and James Kanard was rendered as to the said Kanard by default does not change the rule. *Jones v. Balsley & Rogers et al.,* 25 Okla. 344, 106 Pac. 830, 138 Am. St. Rep. 921. Such rule obtained in Kansas, whence our statute was taken (*Atlantic Trust Co. et al. v. Prescott et al.,* 5 Kan. App. 172, 48 Pac. 926; *Paper Co. v. Hentig,* 31 Kan. 322, 1 Pac. 529), until the same was changed by statute. *Jones v. Balsley & Rogers et al., supra.* The appeal must be dismissed.

All the Justices concur.

## On Rehearing.

Since the filing of the opinion holding the case-made a nullity and dismissing the proceeding in error, counsel for plaintiffs in error have presented to this court a motion asking for modification of said order, "so as to provide therein only that the case-made shall be stricken from the record, and not that the appeal shall be dismissed, for the reason that it appears by the certificate of the clerk  *  *  *  that said record is duly certified as a full and complete transcript of the proceedings in the court below."

Counsel for plaintiffs in error also state that "it has been suggested that they did not, in their original brief in opposition to the motion to dismiss, call the attention of the court to the fact that errors were assigned which appeared upon the face of the record proper," and concede such to be the fact, but state that it was an oversight, and ask that we consider a motion for modification, that justice may be done their clients.

The county attorney, for the defendants in error, in reply insists that the assignments sought to be raised by transcript are without merit, and that the motion to modify should not be sustained as a matter of form, and therefore should be denied in the interest of justice. *McLaughlin et al. v. Nettleton,* 25 Okla. 319, 105 Pac. 662; *Id.,* 25 Okla. 322, 105 Pac. 663; *Young v. Severy,* 5 Okla. 630, 49 Pac. 1024.

The bond declared on is made an exhibit and a part of the pleading by proper reference. It is contended that the petition does not state a cause of action, for the reason that it is not

therein alleged that the penalty of the bond is either due or unpaid. The breach of the bond, as alleged, is that the principal, Abe Snakaya, failed and neglected to appear in said court, and failed to remain thereat, as by said bond he was required to do; that thereupon the said bond was by said district court duly forfeited, which said forfeiture was then and there duly entered of record, whereby, and by reason thereof, this action accrued in favor of the plaintiff, the state of Oklahoma, "and the said defendants then and there became indebted to the said plaintiff the state of Oklahoma in the sum of $5,000. Wherefore, premises considered, plaintiff prays judgment * * * for $5,000, and for its costs laid out and expended in the prosecution of this action."

Section 5655, Comp. Laws 1909 (section 3993, St. Okla. 1893), provides:

"In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties."

In harmony with the spirit of said statute, it is a settled rule of construction in this jurisdiction that, where a petition is attacked for the first time in this court, for the reason that it does not state a cause of action, it will be liberally construed in order to uphold the judgment of the trial court. *Wass et al. v. Tennent-Stribbling Shoe Co.*, 3 Okla. 152, 41 Pac. 339; *Young v. Severly*, 5 Okla. 630, 49 Pac. 1024; *Bohart v. Matthews*, 29 Okla. 315, 116 Pac. 944.

Without challenging the sufficiency of the petition, the defendant (plaintiff in error) Molleanna Snakaya answered by an unverified general denial. The defendant F. B. Severs interposed a demurrer to the petition, on the ground that it did not state facts sufficient to constitute a cause of action, but waived same by securing permission of the court for its withdrawal, and then answered by an unverified general denial. The demurrer was never passed on. Had it not been withdrawn and an answer filed by permission, without it being passed on, that would constitute a waiver. The question as to the objection to the introduction of evidence in the trial court, on the ground that the petition did not state a cause of action, is not before this court on review on a

transcript. But see *Hogan et al. v. Bailey,* 27 Okla. 15, 110 Pac. 890; *Caddo National Bank v. Moore,* 30 Okla. 148, 120 Pac. 1003. The petition, its sufficiency being questioned for the first time in this court, should be held here to sustain the judgment.

Section 5663, Comp. Laws 1909 (section 4001, St. Okla. 1893), has no application to this case, as that applies to actions founded on instruments providing for the unconditional payment of money. The instrument here under consideration was conditioned that if the principal forfeited said bail that then the sureties would pay a certain stipulated sum.

It is further insisted by the plaintiffs in error that the findings of the court, as set out in the judgment, are insufficient to support the judgment, because there is (1) no finding as to what charge the principal in the bond was to answer, nor (2) that he was bound to appear to answer any charge whatever, and (3) that there was no finding that the prisoner was discharged by reason of the giving of the bail bond, or that he was discharged at all.

Every reasonable intendment and presumption is in favor of the trial court. *National Drill & Mfg. Co. v. Davis,* 29 Okla. 625, 120 Pac. 976; *Herron v. M. Rumley Co.,* 29 Okla. 317, 116 Pac. 952; *Tate v. Stone, ante,* 130 Pac. 296.

We have held that, although a party is entitled to a trial by jury in a case, unless same is waived, yet, if the record in this court fails to show waiver entered of record, as required by statute, objection on that ground may not be made for the first time in this court. *Murphy v. Fitch, ante,* 130 Pac. 298; *Farmers' National Bank v. McCall,* 25 Okla. 600, 106 Pac. 866, 26 L. R. A. (N. S.) 217.

Section 21, art. 7, of the Constitution, provides:

"In all jury trials, the jury shall return a general verdict, and no law in force, nor any law hereafter enacted, shall require the court to direct the jury to make findings on particular questions of fact; but the court may, in its discretion, direct such special findings."

This provision of the Constitution superseded section 5805 (section 4176, St. Okla. 1893) of Comp. Laws 1909. *King v. Timmons,* 23 Okla. 407, 100 Pac. 536.

Section 5809, Comp. Laws 1909 (section 4180, St. Okla. 1893), is as follows:

"Upon the trial of questions of fact by the court it shall not be necessary for the court to state its ·findings, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state, in writing, the conclusions of fact found, separately from the conclusions of law."

Neither does it appear that any findings of fact or conclusions of law were requested by plaintiffs in error nor that any attempt was made by the trial court to state, in writing, the findings of fact separately from the conclusions of law. When we examine this record carefully, we think it is obvious that no effort was made by the trial court to state, in writing, the findings of fact separate from the conclusions of law, but that the judgment was intended to be a general finding on all the issues. The substantial rights of the plaintiffs in error could not have been adversely affected by this action of the trial court in the form in which he rendered this judgment; and the effort to defeat the recovery on this bail bond by a technicality should not prevail. Section 5680, Comp. Laws 1909.

In *Stadel v. Aikins,* 65 Kan. 82, 68 Pac. 1088, it is said:

"The finding, as will be observed, is not that he had no notice of the lien, but it is that he had no actual knowledge that a lien was claimed during the time that the corn was being hauled. There is no finding that he was without constructive notice of the lien before a sale was consummated, and the general verdict implies the existence of all necessary facts not inconsistent with those special findings. The plaintiff in error has not preserved the evidence, and the findings of fact do not cover the question of notice. 'In the absence of the testimony or of a special finding upon a material question in the case, it will be presumed that the facts disclosed in evidence were such as to support the general finding and judgment of the court.' *Pennell v. Felch,* 55 Kan. 78, 39 Pac. 1023. See, also, *Kellogg v. Bissantz,* 51 Kan. 418, 32 Pac. 1090."

As it appears that the assignments of error that are reviewable by means of a transcript are without merit,· the motion to

modify the order dismissing the proceeding in error will be overruled.

All the Justices concur.