## APPLEBY *et al.* v. DOWDEN.

No. 4427. Opinion Filed April 1, 1913.

1. **APPEAL AND ERROR—Necessary Parties—Joint Judgment.** All parties to a joint judgment, either as plaintiffs or defendants in error, must be joined in a proceeding in error in this court to review such judgment.

2. **SAME—Service of Case-Made.** Where a judgment of the trial court is sought to be reviewed by means of a petition in error with case-made attached, the case-made must be served upon all parties required to be joined either as plaintiffs or defendants in error in the proceeding in error.

(Syllabus by the Court.)

*Error from District Court, Grady County;*
*J. T. Johnson, Judge.*

Action by E. Dowden against J. B. Appleby and others. Judgment for plaintiff, and certain defendants bring error. Dismissed.

*J. W. Bartholomew,* for plaintiffs in error.

*Bond & Melton,* for defendant in error.

WILLIAMS, J.   On January 23, 1911, judgment was rendered against the plaintiffs in error, after a trial on the issues framed, and also against certain other defendants in the lower court by default, such persons not being made parties to this proceeding in error, adjudging that the defendant in error, as plaintiff in the trial court, was the owner of certain lands and that the title thereto was prior and superior to any title, interest, or claim of said defendants by reason of the segregation of said land as a government town site; and it was further adjudged that the said plaintiff was the owner and seized in fee of the equitable title of certain other described land, and that his title thereto was valid and perfect and prior and superior to any and all right and interest of said defendants, naming them, by reason of the segregation of said lands as a government town site by the Secretary of the Interior and any and all proceedings pursuant thereto.

It was further adjudged that the order of the Secretary of the Interior of May 27, 1905, segregating one hundred and sixty and ten one-hundredths acres of land for town-site purposes, which included the land hereinbefore referred to, was void and of no force and effect in so far as the same affected the said land of the plaintiff, and that said order of the Secretary of the Interior of May 7, 1905, now of record in the office of the Commissioner to the Five Civilized Tribes, at Muskogee, Oklahoma, the schedule, appraisement and sale of lots and blocks of land pursuant to said order by the Choctaw and Chickasaw Town-site Commission, the delivery of receipts for payments therefor, and the issuance and recording of patents pursuant to such proceedings, where such patents describe lots or blocks of land embraced

in the lands of the plaintiff and the recording of such patents in the office of the register of deeds in Grady county, Oklahoma, were without authority of law and cast a cloud on plaintiff's title to said land; and said order of the Secretary of the Interior, the appraisement and schedule of lots and blocks of land thereunder by the Choctaw and Chickasaw Town-site Commission, receipts for payments made thereunder and all patents to lots and blocks of land embraced within the land belonging to the plaintiff recorded in the office of the register of deeds of Grady county, Oklahoma, or in the office of the Commissioner to the Five Civilized Tribes, at Muskogee, Oklahoma, were canceled, vacated, set aside, and removed as a cloud upon the title of plaintiff to said land.

It was further adjudged that:

" * * * The title of said plaintiff in said land be and the same is hereby settled and quieted in the plaintiff as against all claims or demands of the defendants or those claiming under them by reason of the segregation of said land for town-site purposes, and said defendants and each of them are hereby perpetually enjoined from setting up any claim to said land of the plaintiff by reason of said order of the Secretary of the Interior segregating the said land for town-site purposes and any and all proceedings had pursuant thereto."

It was further ordered that the plaintiff recover of said defendants his costs therein.

The motion for a new trial, being filed in due time, was overruled and exceptions saved. Neither was the case-made served upon J. W. Boland and numerous other defendants against whom the judgment was rendered by default jointly with the other defendants, who are plaintiffs in error in this proceeding, not only quieting the title in the plaintiff (defendant in error) by joint judgment against all of said defendants, but also by removing all cloud of title thereon and judgment for the costs, nor are they joined as either plaintiffs or defendants in error.

In *May et al. v. Fitzpatrick et al., ante,* p. 45, 127 Pac. 702, it was held:

"All parties to a joint judgment must be joined in a proceeding in error in this court to review such judgment either as plaintiffs or defendants in error.

"(a)    After the expiration of the time for commencing the proceeding in error, a necessary party to a proceeding in error, in order for this court to acquire jurisdiction thereof, may not then be made for the first time in this court."

If the judgment of the trial court is to be reviewed by means of petition in error with case-made attached, the case-made should be served on all parties required to be joined in the proceeding in error in this court. *Price et al. v. Covington,* 29 Okla. 854, 119 Pac. 626; *May et al. v. Fitzpatrick et al., supra; Cook et al. v. State et al., ante,* 130 Pac. 300.

In the latter case numerous decisions theretofore rendered by this court are cited as sustaining the rule therein announced. These decisions were based upon Kansas cases that were decided prior to the time of the adoption of the Kansas Practice Act by the Legislature of the territory of Oklahoma, and were, therefore, controlling on this court as a successor to the Supreme Court of Oklahoma Territory. These decisions are numerous and point out clearly the preliminary jurisdictional requirements in order for this court to acquire jurisdiction of the proceeding in error; and wherever parties seeking to invoke the jurisdiction of this court by proceedings in error fail to comply with these preliminary requirements as to parties, etc., this court has no alternative other than to dismiss the same.

The proceeding is therefore dismissed.

KANE, DUNN, and TURNER, JJ., concur; HAYES, C. J., not participating.