## WILEY v. COBB *et al.*

No. 4305. Opinion Filed April 29, 1913.

(131 Pac. 1098.)

**APPEAL AND ERROR—Necessary Parties.** All persons who are parties to proceedings in the trial court, whose interest will be adversely affected by a reversal of the judgment, must be made parties, either as plaintiff or defendant in error in this court.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Genevieve Wiley, by Hattie G. Wiley, her guardian, against Henry C. Cobb and others. Judgment for defendants, and plaintiff brings error. Dismissed.

*Kenneth S. Murchison* and *Edward C. Griesel,* for plaintiff in error.

*James L. Allen,* for defendant in error Maggie E. Edmondson.

WILLIAMS, J. This proceeding in error, by means of a transcript, seeks to review the judgment of the trial court wherein Genevieve Wiley, by her guardian, Hattie G. Wiley, as plaintiff, sued Henry Cobb individually, and also as executor of the estate of Walter Wiley, deceased, and Maggie E. Edmondson and Oscar Meyers, defendants, to have set aside and vacated a certain judgment made and entered in the superior court of Muskogee county, Okla., on June 19, 1910, between the same parties, in which judgment said plaintiff recovered of and from the said defendant Maggie E. Edmondson the sum of $300, and the title to the possession of the N. E. ¼ of the N. E. ¼ of section 9, township 14 north, and range 18 east, was quieted in plaintiff as against all of said defendants, Henry C. Cobb, as an individual, Henry C. Cobb, as executor of the estate of Walter Wiley, deceased, Maggie

E. Edmonson, and Oscar Meyers, and said defendants were forever enjoined from setting up any claim thereto adverse to the title of the plaintiff, said plaintiff being adjudged to be the owner in fee simple thereof; and further said plaintiff recovered of and from Henry C. Cobb, executor of the estate of Walter Wiley, deceased, the sum of $64, and it was further decreed that the title and possession of the said Maggie E. Edmondson to the W.½ of the N. E. ¼ of section 9, township 14 north, and range 18 east, be quieted as against the plaintiff, Genevieve Wiley, and the other defendants, and each and all of them, and all persons claiming under them or any of them, and they were forever enjoined from setting up any claim to said premises, or any part thereof, adverse to the title and possession of said Maggie E. Edmondson, the said Maggie E. Edmondson being adjudged to be the owner in fee simple of said property; and it was further decreed that the said Maggie E. Edmondson do have and recover of Henry C. Cobb, as executor of the estate of Walter Wiley, deceased, the sum of $104, and further that the defendants Henry C. Cobb and Oscar Meyers do have and recover their costs therein expended. Said judgment was rendered responsive to issues as framed, except as to Oscar Meyers, which was by default.

It is stated in the brief on the part of the defendant in error, which is not denied, and it seems to be conceded by the plaintiff in error, as no contrary contention has been made in this court, that Henry C. Cobb, as an individual, and Henry C. Cobb, as executor of the estate of Walter Wiley, and Oscar Meyers have not been made parties to this proceeding either as plaintiffs or defendants in error. Neither does it appear that they or either of them have waived the issuance of summons in error, nor have they in any way entered an appearance in this court. Counsel for Maggie E. Edmondson, the defendant in error, have therefore moved that this proceeding be dismissed on the ground that this court has not acquired jurisdiction for want of necessary parties.

The time in which a proceeding in error may be commenced in this court to review the judgment of the lower court has already expired, so if all the necessary parties have not been brought in, this proceeding must be dismissed. Obviously Henry C. Cobb, as executor of the estate of Walter Wiley, is interested in the judgment, as there is a decree both for and against him as executor. Likewise Henry C. Cobb, as an individual, and Oscar Meyers have recovered judgment for their costs. It follows that, necessary parties having been omitted, this proceeding must be dismissed. *Billy v. Unknown Heirs of Grey,* 35 Okla. 430, 130 Pac. 533; *Appleby et al. v. Dowden,* 35 Okla. 707, 132 Pac. 349; *Cook et al., Adm'rs., v. State,* 35 Okla. 653, 130 Pac. 300.

In *Gwinnup et al. v. Griffins et al.,* 34 Okla. 117, 124 Pac. 1091, it is said:

"The court has repeatedly held that 'all persons who are parties to the proceedings in the trial court, and whose interests will be adversely affected by a reversal of the judgment, must be brought into the appellate proceedings. If the interest of those who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the judgment complained of, without a reopening of the case as to the other parties as to whose interest the judgment has become final by the failure to appeal,' the appeal will be dismissed.' *Seibert v. First National Bank,* 25 Okla. 778, 108 Pac. 628, and cases cited therein. See also, *Humphrey v. Hunt,* 9 Okla. 196, 59 Pac. 971. Also *Trugeon v. Gallamore,* 28 Okla. 73, 117 Pac. 797, and authorities there cited. Also *Price v. Covington,* 29 Okla. 854, 119 Pac. 626; *Merrell v. Walters,* 30 Okla. 173, 119 Pac. 1122."

In that case a judgment was rendered in the trial court in favor of Gwinnup and others against J. F. Griffins, James Robinette, W. A. Crosby, T. F. Crosby, F. L. Martin, and C. W. Turner jointly. Thereafter, on motion for a new trial, the same was sustained, and, from the order of the court awarding the same, the proceeding in error was prosecuted, but the case-made was served only on F. L. Martin, T. F. Crosby, and James Robinette. However, F. L. Martin was the

only defendant in error ever served with summons, and the only one named in the summons in error.

The motion to dismiss will be sustained.

All the Justices concur.