**S. G. DENNING, Plaintiff,**

v.

**Honorable A. P. VAN METER, Judge of the District Court of Oklahoma County, Oklahoma, and E. J. Elrod, Defendants.**

No. 36588.

Supreme Court of Oklahoma.

Feb. 1, 1955.

Rehearing Denied April 6, 1955.

Chas. D. Scales, Cecil W. Rote, Oklahoma City, for plaintiff.

Sam S. Gill, Oklahoma City, for defendants.

BLACKBIRD, Justice.

This is an original action by the plaintiff, or petitioner, for a writ of prohibition to prevent the Honorable A. P. Van Meter, Judge of the District Court of Oklahoma County, Oklahoma, who has been designated as one of the two defendants or respondents herein, from assuming jurisdiction to try Cause No. 133208 on its merits and from proceeding in said cause in any manner or for any purpose other than to set aside his previous order overruling petitioner's special demurrer and to dismiss the action.

In order to understand the present controversy it is necessary to relate the following factual background. On December 18, 1953, petitioner obtained a so-called "default" money judgment against one, E. J.

Elrod (the other defendant or respondent herein) in the Court of Common Pleas of Oklahoma County, apparently on the basis of a loan that said judgment creditor had made said judgment debtor. Thereafter, on April 5, 1954, said judgment not having been appealed from, said judgment debtor caused execution on said judgment to be levied upon a truck belonging to Elrod and the truck was advertised to be sold at execution sale to be held fifteen days later, or on April 20. Three days before the scheduled sale, or on April 17, a hearing was apparently held in said cause, at which an application on the part of Elrod for a temporary injunction was considered and denied. The next day, April 18, Elrod filed in said Common Pleas Court action, a petition, not only to recall the execution and enjoin the sale, but to vacate the judgment, alleging that because he had an answer on file when the judgment was entered, and for other reasons unnecessary to mention, said judgment was void. The next day, before any trial or hearing had been held on said petition, Elrod dismissed it without prejudice and instituted Cause No. 133208, in the District Court of said Oklahoma County. In the petition he filed in this action, he set forth, among other allegations, the history of the litigation between the parties substantially as above set forth, with some additional details, and pleaded facts calculated to show not only that he had a good defense to the Common Pleas Court action, but that the judgment therein was entered unlawfully and without notice. He also alleged the conclusion that he had no adequate remedy at law against the judgment, but the only reason he gave for having previously on the same day dismissed his judgment vacation proceedings in the Common Pleas Court was that said Court had refused him the aforesaid temporary injunction, and that the date when Denning would have been required to answer his petition to vacate, would have been long after the truck was scheduled to be sold at the execution sale and he would have lost his rights therein. To this pleading, Denning, the petitioner herein, interposed a special demurrer on the alleged ground that the District Court had "no jurisdiction of the subject of the action." Said demurrer was overruled, and thereafter, apparently before filing any pleading joining the issues as to the merits of the respondent Elrod's attempt to obtain vacation by said District Court of the Common Pleas Court judgment and a permanent injunction against its enforcement, petitioner Denning applied herein for the writ of prohibition hereinbefore described.

■ Respondents refer to the judgment petitioner obtained in the Common Pleas Court of Oklahoma County as one that is void on its face and we will assume, without deciding, that it is, for the purpose of determining the primary question herein submitted, namely: Does the District Court of said County, in the exercise of its equitable powers, have jurisdiction to vacate and enjoin the enforcement of a void judgment of the Common Pleas Court of said County in the absence of the allegation of facts showing that the judgment debtor has no adequate remedy at law or a showing of legally sufficient cause for not having availed himself of such remedy? We think this question must be answered in the negative. 31 Am.Jur., Judgments, § 642, Note 1, §§ 677–689; 49 C.J.S., Judgments, §§ 341–343, both inclusive. While there is some diversity of opinion among various jurisdictions as to whether a party must exhaust his legal remedies against a void judgment, or show good cause for his failure to do so, in order to invoke the jurisdiction of a court of equity to set it aside, 31 Am.Jur., supra, § 634, this Court in Burford v. Kephart, 200 Okl. 344, 194 P.2d 167, 169, after quoting Tit. 12 O.S.1941 § 1038 (with reference to the periods for filing judgment vacation proceedings in the same court which rendered the judgment, including the provision with reference to void judgments), said:

> "This court has many times held, and is now firmly committed to the rule, that the remedies provided by these statutes *are exclusive* of relief by an action in equity, *unless* it be shown that the statutory remedy is inadequate. (Citing numerous cases.)" (Emphasis ours.)

Respondent seeks to discount the effect of decisions like the one in the Burford case and Kendall v. Watts, 135 Okl. 66, 273 P. 991, cited therein, by arguing that in those cases it was not held that the district courts in which relief from the alleged erroneous judgments was sought had no jurisdiction, but it was merely held that said courts committed no error in their rulings because those seeking the equitable relief failed to show why they had "not come under the statutory reasons for vacating the judgment in the same court" rendering it. Such argument is specious, and, if not sufficiently answered by the above quotation from the Burford case and a like one quoted therein from Amos v. Johnston, 162 Okl. 115, 19 P.2d 344, 345, we have only to refer to the opinion in the early case of Bilby v. Stuart, 39 Okl. 451, 135 P. 931, 932, which has been cited, Annotations, 50 L.R.A.,N.S., 1055, 1058, as demonstrating this Court's alignment with those which hold that the exercise of equitable power or jurisdiction by a court possessing such power to grant relief from void judgments is dependent, as in applications for such relief generally (and against judgments that are merely irregular), upon the invocation of such power under the equitable principles governing same (see 31 Am.Jur., supra, sec. 677). There this court said:

"As to the second question, whether a court of chancery has power to enjoin the enforcement of a void judgment, the answer is, 'Yes, in certain cases it has such power,' but the rule is well-settled that in no case will a court of equity afford relief when there is a plain, adequate remedy at law. Fast v. Rogers, 30 Okl. 289, 119 P. 241; 16 Am. & Eng. (2d Ed.) ——; 22 Cyc. 76–79. The judgment of the county court being void, plaintiff in error had a remedy by motion to vacate such order or by appeal to the Supreme Court. Article 21, c. 87, Comp.Laws 1909 [12 O.S.1951 § 951 et seq.]. The petition for injunction shows on its face that plaintiff in error had such remedy by law, and had not availed himself thereof. Neither did it show that plaintiff in error was unavoidably deprived of such means for relief." (Emphasis ours.)

For another case in which the above rule has been applied against an allegedly void judgment see Frost v. Akin, 60 Okl. 174, 159 P. 752. The course this Court has followed lessens the number of resorts to equity, 49 C.J.S., supra, § 341a, and prevents a multiplicity of law suits in different courts of record concerning the same subject matter, with the attendant conflicts in jurisdictions and various undesirable situations that would result therefrom, and comports with, and makes for, orderly procedure. See similar expressions in Harris v. Hudson, 122 Okl. 171, 173, 250 P. 532, 533, in which this Court prohibited the District Court of Tulsa County from restraining enforcement of an allegedly void judgment of the District Court of Oklahoma County.

From the basic facts related and alleged, and about which there seems to be no disagreement, in the situation here presented, it is clear that the respondent, Elrod, had an adequate and complete remedy under our statutes, which he started to pursue but apparently abandoned, when he dismissed, without prejudice, the petition he filed in the Common Pleas Court asking that court to vacate its own previously rendered judgment against him. His decision to do this, after apparently reaching the conclusion he had no adequate remedy in said Court, because the statute creating it, Laws 1933, Chap. 72, Title 20 O.S.1951 § 691 et seq., by section 5 thereof, Title 20, supra, § 695, withholds from it among "the powers usually possessed by * * * courts of record * * *" certain extraordinary powers including that of injunction, except as may be necessary to enforce its jurisdiction and judgments, and/or because the sale was scheduled to be held before the issues of the judgment vacation proceedings would be joined or tried, was ill-advised. He apparently overlooked or disregarded Title 12 O.S.1951 § 1036, under which a party "seeking to vacate or modify a judgment or order, may obtain an order suspending proceedings on the whole or part thereof; * * *." If he had filed such motion to suspend, wheth-

er the court sustained the motion and allowed him to make the bond referred to in said statute, or whether the court overruled the motion, and he had taken an appeal from such order to this Court (as was done in McLaughlin v. Nettleton, 25 Okl. '322; 105 P. 663) Elrod could, by proper procedure, have invoked our statutory provisions with reference to stays of execution in either of such situations upon filing a proper undertaking to the adverse party. In this connection see also 12 O.S.1951 §§ 968, and 953, and cases digested under Note 12, 12 O.S.A. § 953, and Title 20 O.S.1951 § 707, and Price & Miller v. Ratcliffe, 47 Okl. 370, 148 P. 153. Thus, as it will be seen that respondent had an adequate and complete remedy against execution of the allegedly void judgment rendered against him in the Court of Common Pleas, and the petition by which he sought to invoke the equitable powers of the District Court, gave no valid reason for his not proceeding under the statutes and authorities above referred to, for vacation of the judgment and stay of execution thereon by the Court of Common Pleas, said petition was insufficient for said purpose, see in addition to the authorities cited, supra, Reeder v. Mitchell, 167 Okl. 621, 32 P.2d 26, and Racey v. Racey, 12 Okl. 650, 73 P. 305, and the District Court should have sustained the petitioner's special demurrer and dismissed the action. As it appears from the facts pleaded in the petition filed therein concerning the subject matter of the action that the District Court or respondent Judge had no jurisdiction to try the alleged cause on its merits or to grant the relief therein sought, and it has been made to further appear herein that, notwithstanding this, said Court will do so, unless prohibited, the writ applied for is granted, and will issue.

JOHNSON, C. J., and CORN, HALLEY and JACKSON, JJ., concur.

WILLIAMS, V. C. J., and WELCH, DAVISON and ARNOLD, JJ., dissent.

WELCH, Justice (dissenting).

As I understand it, in the petition in the action in District Court before Judge Van Meter it was expressly alleged that the Common Pleas Court judgment was void on its face, with statement of alleged facts showing it to be thus void. The demurrer presented to that petition admitted then, for the purpose of the demurrer, that the judgment was void on its face. The majority opinion as I construe it, clearly treats the Common Pleas Court judgment as being void on its face, or decides this case in this court as if that judgment is void on its face.

Then, if the Common Pleas Court judgment is void on its face, the sheriff had no valid legal authority to levy the execution on any property and had no valid legal authority to sell this truck on such execution. It is my view that any court of general jurisdiction, or any district court, having jurisdiction of the parties, would have the authority and jurisdiction to enjoin the sale of the truck on execution issued out of any other court on a judgment which was void on its face.

As I construe the majority opinion it holds to the contrary, and holds that the exclusive remedy, even against a judgment void on its face, is to proceed for vacation of the void judgment in the court in which it was rendered. While the judgment debtor might so proceed, it is my view that when a judgment is void on its face, any effort to enforce it by execution sale may be enjoined as was here sought in the district court, and that the district court, with Judge Van Meter presiding, had full jurisdiction to hear and determine the injunction suit on its merits, and if the Common Pleas Court judgment was found to be so void, that the district court had full jurisdiction and authority to enjoin the sale of the truck.

I therefore dissent.

I am authorized to state that WILLIAMS, V. C. J., and ARNOLD, J., concur in these views.